**STATE of Tennessee, Appellee,**

v.

**Larry SNEED, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

April 5, 1995.

Janet Davey, Columbia, for Appellant, on appeal.

Delilah A. Speed, Columbia, for Appellant, at Trial.

Charles W. Burson, Attorney General and Reporter, Cecil H. Ross, Assistant Attorney General, Criminal Justice Division, Nashville, T. Michael Bottoms, District Attorney General, Robert C. Sanders & Delk Kennedy, Asst. Dist. Attorneys General, Columbia, for Appellee.

## OPINION

SUMMERS, Judge.

The appellant, Larry Sneed, was convicted by a jury of the offense of passing a worthless check. Mr. Jones, whose testimony was preserved by deposition because of his ill health, stated that Sneed had persuaded him to accept Sneed's check for $25,000 in exchange for a check drawn on Jones's bank in the amount of $25,000. The exchange occurred on a Saturday. Sneed told Mr. Jones that he needed to procure a certified check for a business transaction which was to take place on Monday. Since the Monday in question was Memorial Day, a bank holiday, and Sneed's bank was not open on Saturday, he proposed to Jones, whose bank was open on Saturday, that the two "swap checks." Mr. Jones agreed to the exchange because he had both a business and a personal relationship with Sneed dating back several years. When Sneed's check was first presented for payment, it was dishonored because there were insufficient funds in the appellant's account. When Mr. Jones contacted Sneed and informed him of the instrument's presentment and dishonor, Sneed stated that there must have been some sort of mistake and

urged Jones to run the check through the bank a second time. When Mr. Jones did so, he learned that Sneed's account had been closed.

Although the appellant has listed three issues in his brief, the issues presented for our review can be condensed into two: whether the taking of the victim's testimony by deposition in the appellant's absence violated the appellant's constitutional rights and whether there was sufficient evidence to support the jury's verdict.

## APPELLANT'S ABSENCE AT THE VICTIM'S DEPOSITION

The appellant contends that his constitutional right to due process and his constitutional right to confront witnesses were violated because he was not permitted to attend the victim's deposition as required by Rule 15(b) of the Tennessee Rules of Criminal Procedure. Rule 15(b) provides in pertinent part:

The officer having custody of a defendant shall be notified of the time and place set for the examination and shall, unless the defendant waives in writing the right to be present, produce him at the examination.... A defendant not in custody shall have the right to be present at the examination upon request ... but his failure, absent good cause shown, to appear ... shall constitute a waiver of that right and of any objection to the taking and use of the deposition based upon that right.

Tenn.R.Crim.P. 15(b).

The appellant alleges that he was incarcerated in the Maury County Jail on an unrelated matter at the time of the deposition and that he was not transported to the place of the deposition as required by Rule 15(b). A presentence report submitted on January 28, 1994, indicates that when the report was prepared, the appellant was incarcerated in the Maury County Jail for failure to pay child support. The record is devoid of any reference, however, to the appellant's having been incarcerated on August 30, 1993, the date of the deposition. The appellant's counsel was present at the taking of the deposition. The text of the deposition, which was entered into evidence at the appellant's trial, reveals no contemporaneous objection to the taking of the deposition without the presence of the appellant. The appellant, raising this issue for the first time on appeal, still has produced no evidence that he was incarcerated and therefore unable to attend the taking of Mr. Jones's deposition.[1] This issue is simply without merit.

## SUFFICIENCY OF THE EVIDENCE

◼ The appellant contends that the evidence preponderates against the jury's verdict because the evidence shows that Mr. Jones knew when he received the check from the appellant that the appellant did not have sufficient funds to cover the check. Tennessee Code Annotated Section 39–14–121 (1991), the worthless check statute, does not apply to situations "where the payee or holder knows or has good and sufficient reason to believe the drawer did not have sufficient funds on deposit to his credit with the drawee to ensure payment." *Id.*

Where an appellant challenges the sufficiency of the convicting evidence, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Duncan*, 698 S.W.2d 63 (Tenn.1985); T.R.A.P. 13(e). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. *State v. Sheffield*, 676 S.W.2d 542 (Tenn. 1984); *Byrge v. State*, 575 S.W.2d 292 (Tenn. Crim.App.1978). On appeal, we refuse to invade the province of the jury by reweighing the evidence or by substituting our own judgement as to the credibility of witnesses' testimony.

Having reviewed the testimony of Mr. Jones, we conclude that the evidence is sufficient to establish that, while he was aware that he could not cash the check until the

---

1. Because appellant was not present at the deposition, Mr. Jones did not identify him as the perpetrator. Had appellant attended, the next issue could be meritless.

appellant's bank opened on Tuesday, Mr. Jones had no reason to know that the appellant's check was not good on Saturday when the exchange took place.

 The appellant also maintains that the evidence introduced at trial is insufficient to support the jury's verdict of guilty because there was no identification of the appellant as the person who gave the check to Mr. Jones. The state has the burden of proving the identity of the defendant beyond a reasonable doubt. *White v. State,* 533 S.W.2d 735, 744 (Tenn.Crim.App.1975). The appellant was not present at the videotaped deposition of Mr. Jones. While the check was admitted into evidence, the state failed to produce any witnesses at trial who were familiar with the appellant or his signature and could identify him with the check. In short, there was no evidence from which the jury could conclude that the appellant committed the charged offense. In our view, the state did not prove, either directly or circumstantially, that the appellant was the person who passed the check beyond a reasonable doubt. In making this determination, we are not reweighing the evidence. We simply find no proof of an essential element of the crime charged. Unfortunately for the state, the evidence is insufficient.

The judgment of conviction is vacated, and the indictment is dismissed.

JONES, J., and BEN H. CANTRELL, Special Judge, concur.