# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### DECEMBER 1997 SESSION



**FILED**

January 27, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9611-CC-00479 |
| Appellee, | ) |
| | ) Williamson County |
| V. | ) |
| | ) Honorable Donald P. Harris, Judge |
| | ) |
| **ALTON WALLER,** | ) (Rape of a Child) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

John H. Henderson
District Public Defender
407 C Main Street
P.O. Box 68
Franklin, TN 37065-0068

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Janis L. Turner
Counsel for the State
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Joseph D. Baugh
District Attorney General

Jeff P. Burks
Assistant District Attorney General
P.O. Box 937
Franklin, TN 37065-0937

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

A Williamson County jury found the appellant, Alton Waller, guilty of the rape of a child. On appeal, the appellant contends that the evidence of the culpable mental state for the offense is insufficient to support the jury's verdict. After reviewing the evidence, we affirm the jury's verdict.

The victim testified that on June 12, 1995, she and some friends went to Kelly Cunningham's residence to watch a video. The appellant, who was twenty-one years old and a friend of one of the victim's friends, was among those present. During the evening, various people left the living room where the video was playing. Eventually the victim and the appellant were left alone on the couch. The victim testified that she and the appellant went to one of the bedrooms and had sexual intercourse. In a statement given to the police, the appellant admitted that he had sexual intercourse with the victim. At the time of the offense, the victim was twelve years old.

On appeal, the appellant argues that the evidence of the culpable mental state required for the offense is insufficient to support the jury's verdict. When an appellant challenges the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Tenn. R. App. P. 13(e); State v. Duncan, 698 S.W.2d 63 (Tenn. 1985). The weight and credibility of a witness' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542 (Tenn. 1984); Byrge v. State, 575 S.W.2d 292 (Tenn. Crim. App. 1978). On appeal, the state is entitled to both the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). Moreover, guilty verdicts remove the presumption of innocence, enjoyed by defendants at trial, and replace it with a presumption of

guilt. State v. Grace, 493 S.W.2d 474 (Tenn. 1973).  Appellants, therefore, carry

the burden of overcoming a presumption of guilt when appealing  jury

convictions.  Id.


Pursuant to Tennessee Code Annotated § 39-13-522 (Supp. 1994), child

rape is defined as the unlawful sexual penetration of a victim by the defendant or

the defendant by the victim and the victim is less than thirteen (13) years of age.

The definition does not set forth the culpable mental state.  The culpable mental

state of an offense is sufficiently established by either intent, knowledge or

recklessness if the definition of the offense does not plainly dispense with the

mental element.  Tenn. Code Ann. § 39-11-301(c) (1991).  Therefore, the

requisite mental state for the offense of rape of a child may be established by

evidence of intent, knowledge, or recklessness.


> 'Knowing' refers to a person who acts knowingly with respect to the
> conduct or to circumstances surrounding the conduct when the
> person is aware of the nature of the conduct or that the
> circumstances exist.  A person acts knowingly with respect to a
> result of the person's conduct when the person is aware that the
> conduct is reasonably certain to cause the result.

Tenn. Code Ann. § 39-11-106(20) (1991).


> 'Reckless' refers to a person who acts recklessly with respect to
> circumstances surrounding the conduct or the result of the conduct
> when the person is aware of but consciously disregards a
> substantial and unjustifiable risk that the circumstances exist or the
> result will occur. The risk must be of such a nature and degree that
> its disregard constitutes a gross deviation from the standard of care
> that an ordinary person would exercise under all the circumstances
> as viewed from the accused person's standpoint.

Tenn. Code Ann. § 39-11-106(31) (1991).

The state contends that the evidence of recklessness, if not knowledge, is

sufficient to support the jury's verdict.  We agree.  Detective Ricky Hagan

testified that the appellant said that one of the victim's friends had told the

appellant that the victim wanted the appellant to be her first.  The appellant said

that he told the victim's friend that he could not do it because the victim was too

young.  Detective Hagan testified that the appellant made these statements during an interview but admitted that he, the detective, did not make these statements part of the written statement signed by the appellant.  The appellant did not testify at trial.

The appellant contends that the evidence establishes that Detective Hagan was unaware that the appellant's I.Q. was in the retarded range and that the appellant had several other mental, emotional, or psychological problems.  An expert called by the defense testified about the appellant's problems.  The jury has the duty of evaluating the weight of evidence and the credibility of witnesses.  Detective Hagan's testimony that the appellant said that the victim was too young is sufficient evidence of the culpable mental state required for rape of a child to support the jury's verdict.

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
JOSEPH B. JONES, Presiding Judge

_____
WILLIAM M. BARKER, Judge