IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1998 SESSION



**FILED**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 02C01-9805-CR-00140 |
| Appellee, | * | SHELBY COUNTY |
| VS. | * | Hon. Bernie Weinman, Judge |
| AARON CARROLL, | * | (Habitual Motor Vehicle Offender) |
| Appellant. | * | |

**January 13, 1999**

**Cecil Crowson, Jr.**

**Appellate Court Clerk**

For Appellant:

William C. Gosnell, Attorney
217 Exchange Avenue
Memphis, TN 38105

For Appellee:

John Knox Walkup
Attorney General and Reporter

Elizabeth T. Ryan
Assistant Attorney General
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

OPINION

The defendant, Aaron Carroll, was convicted as a habitual motor vehicle offender. The trial court imposed a Range II sentence of two years for the Class E felony; the sentence is to be served on weekends over a period of ninety days. In this appeal of right, the defendant challenges the sufficiency of the evidence and argues that the sentence is excessive. Because the evidence is adequate to support the conviction and the record of the sentencing hearing is incomplete, the judgment must be affirmed.

On February 14, 1997, Shelby County Officer Gregory D. Jackson, while on routine patrol, was almost struck by a car he later determined to be operated by the defendant. When he stopped the vehicle, the officer observed the defendant in the driver's seat, the defendant's wife in the passenger's seat, and their son in the back seat. The officer testified that he never lost sight of the car or noticed any movement within the car. Afterward, Officer Jackson determined that the defendant had been declared a habitual motor vehicle offender and barred from operating an automobile.

At trial, the defendant's wife, Katherine Campbell, testified that she was actually the driver of the car. She admitted, however, that she did not inform the officer at the time of arrest that she was the driver. The defendant's son, Cory Campbell, also claimed that Ms. Campbell was driving.

On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the evidence

2

are matters entrusted exclusively to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). A conviction may only be set aside when the reviewing court finds that the "evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13 (e). A jury verdict, approved by the trial judge, accredits the testimony of the witnesses for the state and resolves all conflicts in favor of the theory of the prosecution. State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978).

In our view, the jury had a rational basis for their verdict. They acted within their prerogative in accrediting the testimony of Officer Jackson and rejecting that of the defendant's wife and son.

The record does not include a transcript of the sentencing hearing. The Range II sentence imposed is within the statutory guidelines. See Tenn. Code Ann. § 55-10-616. The burden is on the defendant to prepare an accurate account of what transpired in the trial court with regard to the issues on appeal. Tenn. R. App. P. 24(b). The failure to do so results in a presumption that the trial court correctly ruled. State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983).

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

3

CONCUR:


_____
Thomas T. Woodall, Judge


_____
John Everett Williams, Judge