IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1999 SESSION

FILED

October 25, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 02C01-9802-CR-00043 |
| Appellee, | * | SHELBY COUNTY |
| VS. | * | Hon. Chris Craft, Judge |
| DAVID B. EATON, | * | (Leaving Scene of Accident) |
| Appellant. | * | |

For Appellant:

Brett B. Stein
236 Adams Avenue
Memphis, TN  38103
(on appeal)

Thomas E. Hansom
659 Freeman
Memphis, TN  38122
(at trial)

For Appellee:

John Knox Walkup
Attorney General & Reporter

Peter M. Coughlan
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN  37243-0493

Dan Byer
Assistant District Attorney General
District Attorney General's Office
201 Poplar Avenue, 3rd Floor
Memphis, TN  38103

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The defendant, David B. Eaton, was indicted for driving under the influence, reckless driving, and leaving the scene of an accident. He was convicted only for leaving the scene of an accident. Tenn. Code Ann. § 55-10-101. The trial court imposed a sentence of eleven months and twenty-nine days in the Shelby County Workhouse with ninety days to be served and the remainder suspended upon the defendant being placed upon supervised probation for eleven months and twenty-nine days. The defendant was also fined $1,000.

The sole issue on appeal is whether the evidence is sufficient to support the conviction. We conclude that it is.

On June 1, 1996, Aline Turner was stopped at a traffic light in Memphis when her vehicle was struck from the rear by a black Peugeot driven by the defendant. According to Ms. Turner, the defendant got out of his automobile and approached the driver's side of her vehicle. When asked if she was all right, she responded that she was not. The defendant then returned to his vehicle and drove away.

Memphis police officer John Bynum Cobb, III, who was on routine patrol duty in the vicinity, witnessed the collision. Officer Cobb testified at trial that he saw a black Peugeot strike the rear of Ms. Turner's vehicle and observed the defendant get out of the car and walk towards Ms. Turner's vehicle. According to Officer Cobb the defendant then turned, looked in the direction of the squad car, and drove away.

Officer Cobb and his partner, Joe Newborn, pursued the defendant.

The officers had the blue lights of the squad car flashing and the siren on in an effort to bring him to a halt. The defendant did not heed requests to pull over but was finally apprehended when traffic congestion blocked his path. Officers asked him to turn off his ignition and had to repeat this request several times before the defendant complied. The officers observed that the defendant had difficulty getting his keys out of the ignition and putting them in his pocket. In addition, the officer had to ask the defendant several times to step outside of his car. There was a delay of twenty to thirty seconds. Officers Cobb and Newborn testified that the defendant's speech was slurred, his eyes were bloodshot, and he smelled of alcohol. When Officer Cobb asked the defendant if he had been drinking, both he and Officer Newborn heard the defendant admit to drinking Jack Daniels.

Russell E. Young, a DUI technician with the Memphis Police Department, observed the defendant at the scene and testified that he believed the defendant was under the influence of some substance other than alcohol. He asked the defendant about any medication he was taking and the defendant replied that he was taking medication for depression. When Officer Young also asked permission to administer a breathalyser test, the defendant initially consented but later withdrew consent.

Dr. John Purvis Milnor, III, M.D., who appeared as a witness for the defense, testified that the defendant was suffering from hypoglycemia at the time of his arrest. He further explained that during a hypoglycemic episode a person would have slurred speech and lack the ability to concentrate. According to Dr. Milnor's testimony, a person could function in such a state but would only be able to do routine tasks. Dr. Milnor likened the state to sleepwalking and said it could take the appearance of a stupor.

3

The defendant testified that he had been under the care of a doctor since June 1, 1996, for the purpose of treating heart palpitations and had just begun taking medication. He further testified that after getting in his car he began to perspire a lot as if he had the flu. He claimed that he could not recall anything about the accident.

On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as triers of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983), cert. denied, 465 U.S. 1073 (1984); Tenn. R. App. P. 13(e).

Here, the defendant was convicted of leaving the scene of an accident pursuant to Tenn. Code Ann. § 55-10-101. By the terms of the statute, a driver is guilty of leaving the scene of an accident if he or she possesses the requisite mens rea, that is, if the driver "knowingly" flees. The defendant claims that the evidence is insufficient for a rational trier of fact to find that he possessed the requisite mens rea because he could not have acted knowingly while having a hypoglycemic episode. The state, however, put on evidence that the defendant's behavior was not consistent with a hypoglycemic episode, and that, while under the influence of alcohol, he was fully cognizant at the time of the collision.

4

In our view, the evidence was sufficient for a rational trier of fact to conclude that the defendant acted knowingly by leaving the scene of the accident. The jury acted within its prerogative by rejecting the defendant's assertion and accrediting certain parts of the testimony offered by the state.

Tenn. Code Ann. § 55-10-101 also provides, in relevant part, that "the driver of any vehicle involved in an accident resulting in injury to ... any person shall immediately stop such vehicle at the scene of such accident ...." The defendant argues that he could not be convicted of leaving the scene of an accident because there was no testimony that Aline Turner suffered injury. At trial, however, Ms. Turner testified that as the defendant's car struck her vehicle, she was knocked through the red light at which she was stopped. She also testified that when the defendant asked her if she was all right she replied "No." On cross examination, Ms. Turner testified that she had pain in her neck and back, that she had trouble moving her neck, and that the pain became worse after she stepped out of the car. Officer Tracy Lynn Washington testified that an ambulance was called to the scene to provide treatment for Ms. Turner. In our view, this testimony was sufficient to establish Ms. Turner did in fact suffer an injury as required by the statute. The issue, therefore, is without merit.

Accordingly, the conviction is affirmed.

_____
Gary R. Wade, Presiding Judge

5

CONCUR:


_____
Joseph M. Tipton, Judge


_____
Thomas T. Woodall, Judge

6