# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 2, 2001

## STATE OF TENNESSEE v. COLICO WALLS

### Direct Appeal from the Criminal Court for Shelby County
### No. 99-11600     Joseph B. Dailey, Judge

---

### No. W2000-03008-CCA-R3-CD - Filed November 7, 2001

---

The defendant, Colico Walls, was convicted of attempted aggravated robbery. The trial court imposed a Range III sentence of 15 years. In this appeal of right, the defendant challenges the sufficiency of the evidence as to identity. The judgment is affirmed.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

W. Mark Ward (on appeal) and Brent Walker (at trial) Assistant Public Defenders, for the appellant, Colico Walls.

Paul G. Summers, Attorney General & Reporter; Patricia C. Kussmann, Assistant Attorney General; and Steven Jones and Amy Weirich, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

Sometime between 9:30 and 10:00 P.M. on December 2, 1998, the victim, Joyce Wright, stopped her vehicle at a Citgo service station in Memphis to use the pay telephone. Through her rearview mirror, the victim observed a person she later identified as the defendant as he walked along the sidewalk about one-half to one block away. As she was talking on the phone, the defendant placed a "ten-inch . . . rusty butcher knife" at her throat and said, "Hey, pretty lady, hang it up." After struggling with the defendant for the telephone, the victim remarked, "Jesus does not want you to do this." When the defendant ordered her to "hang up the damn phone and scoot over," the victim escaped from the passenger side of the vehicle and ran to a nearby Amoco station.

After her escape, the victim watched as the defendant yelled at a truck driver, "Do you want some of this too?" The defendant waved his knife as he made the statement. When the defendant left the scene, the victim returned to her car and did not initially find anything missing. Later, she

noticed that two compact discs were missing from her vehicle. Some two months later, the victim identified the defendant from a photographic display prepared by Sergeant Jeff Polk of the Memphis Police Department. The victim recalled that the defendant was thin and unshaven and, during the robbery, bit his lip. In the photographic display, the defendant was biting his lip.

When Officer Clifton Dupree attempted to arrest the defendant on February 6, 1999, the defendant "turned and swung with his elbow and hit [Dupree] in the chest and attempted to run." Even after Officer Dupree's partner assisted in restraining the defendant, the defendant continued to struggle for several minutes, ripping off Officer Dupree's shirt and ripping the cord out of his radio in an attempt to get away. Other officers had to be called in to assist with the arrest.

Sergeant Jeff Polk prepared the photographic display which included a picture of the defendant. According to Sergeant Polk, he included photographs of other "persons of similar body sizes, skin complexions, [and] ages . . . ." At trial, Sergeant Polk testified that the victim identified the defendant without hesitation and expressed certainty that the defendant was her assailant. Although the defendant did not testify, it was stipulated that he was six feet, one inch in height.

The defendant claims the evidence is insufficient based primarily upon the victim's uncertainty as to his height. When asked on cross-examination to estimate the height of the defendant, the victim answered, "Five-five – I know he was five-ten, five-eleven, a little . . . tall, maybe my height [of five feet, eight inches]." When asked again to estimate his height, the victim answered, "An average height. Anywhere from, I would say five eight . . . to five eleven is average, probably five-ten. I don't know exact height. I was sitting down in the truck, and he was standing, so . . . it's hard to say."

On appeal, of course, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, 859 (1956). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992).

Our scope of review is limited. While the defendant argues that eyewitness identification is often untrustworthy, it is the responsibility of the jury to resolve the credibility of the witnesses. In this instance, the evidence established that the robbery took place in a well-lighted area in

Memphis.  The victim first had the opportunity to observe the defendant from her rearview mirror just prior to the robbery and, shortly thereafter, had an excellent opportunity to view the defendant from close proximity.  Sergeant Polk described her identification of the defendant's photograph as certain and without hesitation.  She confirmed the identity of the defendant at trial.  In our view, the evidence is sufficient to support the verdict.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE