IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 10, 2002

## STATE OF TENNESSEE v. WESLEY PICKETT

**Appeal from the Criminal Court for Shelby County**
**Nos. 99-03312, 13, 14     Joseph B. Dailey, Judge**

_____

**No. W2001-02458-CCA-R3-CD  - Filed October 18, 2002**

_____

The Appellant, Wesley Pickett, appeals the verdict of a Shelby County jury finding him guilty of theft of a motor vehicle valued between one thousand and ten thousand dollars and two counts of vandalism causing damage over five hundred dollars. On appeal, Pickett raises the single issue of whether the evidence is sufficient to support his convictions. After review, we find the evidence sufficient. Accordingly, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOE G. RILEY, JJ., joined.

W. Mark Ward, Assistant Shelby County Public Defender, Memphis, Tennessee, for the Appellant, Wesley Pickett.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and Jennifer Nichols, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

The events leading to the charges against the Appellant began when David Johnson dropped off his 1993 Ford Explorer at a Firestone auto store on the morning of November 14, 1998, to have his tires replaced. Johnson gave an employee his keys and saw him place the keys in an envelope, which was then placed behind the counter.

A short time later, Rick Mordachini, Firestone's manager of vehicle services, was test-driving a pick-up truck with customer Jacqueline Johnson. Another customer, Alexander Williams, ran to the pick-up and advised him that a tall black man in a tan jacket had reached behind the counter, grabbed an envelope, and proceeded to walk out of the store. After briefly searching the parking lot for the man, Mordachini spotted the Appellant entering a Ford Explorer. After parking the pick-up behind the Explorer to block its egress, Mordachini and Jacqueline Johnson exited the pick-up. Mordachini told the Appellant to get out of the Explorer, but instead, the Appellant proceeded to slam into Johnson's truck, then into Williams' car, and finally into the Firestone building in an effort to flee from the scene. The store's front glass window was knocked out, and all three vehicles sustained damages over $500.[1] When the Explorer stalled, the Appellant exited the vehicle and fled on foot. Mordachini and Williams jumped into Johnson's pick-up and chased the Appellant. He was eventually caught, tied up, and returned to the Firestone store, where he was arrested by a Memphis police officer who had been called to the scene.

On March 25, 1999, the Shelby County Grand Jury returned three indictments against the Appellant, resulting in two charges of class E vandalism and one charge of class D theft. At trial, both Richard Mordachini and Jacqueline Johnson positively identified the Appellant as the man in the Explorer and described the events leading to the vandalism of the two vehicles. A third witness, Rodney Lance Robbins, could not positively identify the Appellant at trial, but he was positive that the man returned to the scene of the crime after the chase was the man who drove away in the Explorer.

On June 1, 2001, a Shelby County jury found the Appellant guilty of all offenses as charged in the indictments. At the sentencing hearing, the Appellant was sentenced as a career offender to six years imprisonment for each vandalism offense and twelve years for the theft. The trial court ordered the six-year sentences be served concurrently but consecutive to the twelve-year sentence. The Appellant subsequently filed a motion for new trial, which was denied.

**Analysis**

On appeal, the Appellant challenges the jury's verdict finding him guilty of theft and vandalism. When an appellant challenges the sufficiency of the evidence, this court must determine "whether, after viewing the evidence in the light most favorable to the [State], any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e); *State v. Duncan*, 698 S.W.2d 63, 67 (Tenn. 1985). The State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

---

[1]Although damage was done to the Firestone building and David Johnson's Explorer, the Appellant was not charged with vandalism for those damages. The vandalism charges arose solely from the damage to Jacqueline Johnson's truck and Alexander Williams' car.

The credibility of witnesses, the weight of their testimony, and the reconciliation of conflicts in the evidence, are matters entrusted exclusively to the trier of facts. *State v. Gentry*, 881 S.W.2d 1, 3 (Tenn. Crim. App. 1993) (citing *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). A jury verdict for the State accredits the testimony of the State's witnesses and resolves all conflicts in favor of the State. *State v. Williams*, 657 S.W.2d 405, 410 (Tenn. 1983). Moreover, guilty verdicts remove the presumption of innocence enjoyed by defendants at trial and replace it with a presumption of guilt. *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). Thus, an appellant challenging the sufficiency of the evidence carries the burden of illustrating to this court why the evidence is insufficient to support the verdict. *State v. Freeman*, 943 S.W.2d 25, 29 (Tenn. Crim. App. 1996).

Specifically, the Appellant argues that the evidence is insufficient under *Jackson v. Virginia* to justify a rational trier of fact in finding him guilty of the offenses beyond a reasonable doubt. *Jackson v. Virginia* addresses two important aspects of a sufficiency review: (1) the manner of review of the convicting evidence, and (2) the standard of review for legal sufficiency. The scope of our examination of the evidence is not equivalent to that of the jury. In a challenge to the sufficiency of the evidence, this court does not retry the defendant. We emphasize that our examination in a sufficiency review is not to revisit inconsistent, contradicting, implausible, or non-credible proof, as these issues are resolved solely by the jury. Rather, we look to the record to determine whether there was substantive probative evidence to support the verdict. The second inquiry, the question of legal sufficiency, then follows: whether the record contains evidence from which the jury could have found the essential elements of the crime beyond a reasonable doubt. Every reasonable hypothesis of innocence need not be dispelled; it is only necessary that there exists proof which supports the elements of the crime. The Appellant was convicted under Tennessee Code Annotated § 39-14-103, which provides that theft of property occurs when "with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." The testimony at trial established that the Appellant took the keys to the Explorer and that three witnesses saw the Appellant inside the Explorer trying to remove it from the lot. In addition, the owner testified that consent had not been given.

The Appellant was also convicted under Tennessee Code Annotated § 39-14-408, which defines vandalism as "knowingly, caus[ing] damage to or the destruction of any real or personal property of another . . . knowing that the person does not have the owner's effective consent. . . ." The evidence before the jury was sufficient to establish the offense. Two eyewitnesses testified that they saw the actions taken by the Appellant while he was in the Explorer that caused the damage to the two vehicles. Taken in the light most favorable to the State, the evidence was more than sufficient for a rational trier of fact to have found the Appellant guilty of the crimes for which he was convicted beyond a reasonable doubt.

**CONCLUSION**

In sum, we conclude that the evidence in this case, taken as a whole and in the light most favorable to the State, was legally sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the Appellant was guilty of theft of a motor vehicle valued between one thousand and ten thousand dollars and two counts of vandalism causing damage over five hundred dollars. The judgments of conviction are affirmed.

_____
DAVID G. HAYES, JUDGE