# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### NOVEMBER 1997 SESSION



FILED

December 23, 1997

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No.  03C01-9611-CR-00418 |
| Appellee, | ) |
| | ) Sullivan County |
| V. | ) |
| | ) Honorable Frank L. Slaughter, Judge |
| | ) |
| **JOY L. CHRISTIAN,** | ) (Aggravated Robbery) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Keith A. Hopson
Attorney at Law
410 Shelby Street
Kingsport, TN 37660

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Michael J. Fahey, II
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

H. Greeley Wells, Jr.
District Attorney General

Teresa M. Smith
Assistant District Attorney General
P.O. Box 526
Blountville, TN 37617-0526

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

# O P I N I O N

The appellant, Joy L. Christian, was convicted by a jury of aggravated robbery. She was sentenced to eight years incarceration. On appeal, she alleges that the evidence is insufficient to sustain her conviction. Upon review, we affirm her judgment of conviction.

## FACTS

At approximately midnight on October 1, 1995, two armed female intruders entered the Days Inn in Kingsport. The two intruders demanded money. The desk clerk took $537.00 in cash out of the register. The two intruders took the cash and fled.

## I

The appellant contends that the evidence adduced at trial was insufficient as a matter of law to sustain her conviction for aggravated robbery. We disagree.

Great weight is afforded a verdict reached by a jury in a criminal trial. A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. Id.

Where sufficiency of the evidence is challenged, the relevant question for this Court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978).

The Days Inn desk clerk testified at the appellant's trial. She stated that two females brandishing guns took $537.00 in cash from the motel register. She also stated that the robbers threatened her life if she failed to cooperate. According to her testimony, both of the women had their faces painted black. She, however, was able to made a positive identification of the appellant approximately forty-five minutes after the robbery. She based her identification upon the appellant's height, weight, build, hair color, mannerisms, walk, and voice.

In addition to the positive in-court identification of the appellant, the state also presented circumstantial evidence of her guilt. The appellant's son testified that his mother's roommate, Dalia Montalvo, was at his house on the night of the robbery. He stated that she had black mascara all over her face. He further testified that he witnessed an individual loan Montalvo a BB-gun which resembled a .45 caliber pistol. Finally, a police officer testified that he had recovered $272.50 in cash from the appellant's house. He also recovered a roll of nickels and a roll of pennies similar to the rolls taken from the motel.

The appellant did not testify at trial nor did she call any witnesses on her behalf. The jury chose to credit the testimony of the state's witnesses. A rational trier of fact could have found, and indeed did find, that the appellant had committed aggravated robbery. The appellant's conviction is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
JOSEPH B. JONES, Presiding Judge


_____
J. CURWOOD WITT, JR., Judge