# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. MARCEL McCROY

**Direct Appeal from the Criminal Court for Shelby County**
**No. 97-07950 Chris Craft, Judge**

---

**No. W1999-00872-CCA-R3-CD - Decided May 19, 2000**

The defendant, Marcel McCroy, was charged with and convicted of aggravated robbery. The trial court imposed a nine-year sentence. Despite the testimony of several alibi witnesses presented by the defense, the identification evidence presented at trial was sufficient to support the conviction. The judgment is, therefore, affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

WADE, P.J., delivered the opinion of the court, in which WOODALL and WITT, JJ., joined.

W. Mark Ward, Assistant District Public Defender (on appeal), A. C. Wharton, Jr., District Public Defender (of counsel), Leonard E. Van Eaton (at trial), Memphis, Tennessee, for the appellant, Marcel McCroy.

Paul G. Summers, Attorney General and Reporter, Tara B. Hinkle, Assistant Attorney General, Elaine Sanders, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Marcel McCroy, was convicted of aggravated robbery. The trial court imposed a Range I sentence of nine years. In this appeal of right, the defendant challenges the sufficiency of the evidence, particularly the evidence of identification. We find no error and affirm the judgment of the trial court.

At approximately 3:00 A.M. on June 16, 1996, the victim, Larico Duncan, was robbed by three black males while he was parked on Camilla Street in Memphis. The victim's girlfriend, Vivian Thomas, was a witness to the robbery. One of the three robbers, who was described as having a dark complexion and several gold teeth, utilized a sawed-off shotgun during the robbery. Another, whom the victim described as having a light complexion and wearing a cap, took the victim's jewelry, keys, shoes, and $120.00 in cash. The three robbers escaped the crime scene in the victim's automobile. At trial, the victim testified that he learned that Antonio Sykes, who later acknowledged participation in the robbery, was in possession of the stolen vehicle. According to the victim, Sykes acknowledged that the defendant, a black male with a light

complexion, was one of the robbers. The victim testified that he was able to identify the defendant from a photographic lineup prepared by the police. The victim estimated that his jewelry had a value of $530.00 and that his tennis shoes had a value of $120.00. He also testified that the value of his car was at least $1,000.00. He stated that during the course of the robbery he was fearful and felt compelled to surrender his property.

Ms. Thomas testified that some two weeks prior to the robbery, the defendant had asked her for her phone number. She recalled that she had seen the defendant, who "did all the talking" during the robbery, several other times prior to the offense. She remembered that as the three robbers drove away in the victim's vehicle, one said, "You ain't saw nothing, you ain't saw nothing." Ms. Thomas identified the defendant as one of the three robbers, first from a photographic lineup and then at trial.

Sergeant Reginald Morgan of the Memphis Police testified that the victim could not identify the defendant from the photographic lineup but recalled that Ms. Thomas made an unequivocal identification of the defendant. Sergeant Morgan confirmed that both the victim and Ms. Thomas had provided a description of the three robbers shortly after the commission of the offense.

The defendant testified that he left Memphis on June 15, 1996, to attend a party in Holly Springs, Mississippi. He asserted that he did not return to Memphis until late the following day. The defendant claimed that he traveled by van to Mississippi accompanied by Patricia Branch, Tanyel Branch, Evelyn Millbrooks, Ladesa Millbrooks, Steve Millbrooks, and an individual whose first name was Laquita. Each of the two Branches and all three of the Millbrookses testified that the defendant was in Holly Springs, Mississippi, at the time of the offense. Patricia Branch testified that she had rented a van at National Car Rental to drive to Mississippi that weekend.

Antonio Sykes acknowledged that he had helped commit the robbery. While acknowledging that he had named the defendant as one of the robbers during the course of the investigation, Sykes claimed at trial that the defendant had nothing to do with it. Sykes, who had pled guilty to the robbery, named Derek Johnson and Johnny Medlock as the other robbers.

The state offered Virginia Jones as a rebuttal witness. Ms. Jones, the records custodian at National Car Rental, testified that there were no records to substantiate that the Branches or the Millbrookses had rented a car on June 15 or 16 of 1996. Ms. Jones contended that there would have been company records of any National Car Rental lease unless the vehicle had been stolen.

Sergeant Morgan also testified as a rebuttal witness. He stated that Antonio Sykes had informed him that the defendant and Derek Johnson had helped commit the crime. Officer Morgan testified that Sykes had not recanted his allegation that the defendant had participated in the crime at any time prior to trial.

On appeal, the state is entitled to the strongest legitimate view of the evidence and

all reasonable inferences which may be drawn therefrom. <u>State v. Cabbage</u>, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the testimony, however, are matters entrusted exclusively to the jury as the trier of fact. <u>Byrge v. State</u>, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). A conviction can be set aside only when the reviewing court finds that the "evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e).

The defendant claims that the evidence was insufficient to establish his identity. He suggests that this court must reweigh and reevaluate the evidence when the proof is not so strong as to justify a finding of guilt beyond a reasonable doubt.

Ms. Thomas made a positive identification of the defendant. Sergeant Morgan confirmed that she had also made a positive pretrial identification from a photographic lineup. While the identification made by the victim was not nearly as certain, there was other corroborative evidence. The jury acted within its prerogative when it rejected the testimony of the alibi witnesses. This court must not substitute its assessment of the evidence for that of the jury.

Accordingly, the judgment is affirmed.