IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 7, 2001

## STATE OF TENNESSEE v. JOE SCOTT

**Appeal from the Criminal Court for Shelby County**
**No. 99-14459     Joseph P. Dailey, Judge**

**No. W2001-00589-CCA-R3-CD - Filed December 17, 2001**

The defendant, Joe Scott, was convicted of aggravated robbery. The trial court imposed a Range II sentence of 19 years. In this appeal of right, the defendant challenges the sufficiency of the evidence. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOE G. RILEY and THOMAS T. WOODALL, JJ., joined.

A.C. Wharton, Jr., Public Defender (of counsel); W. Mark Ward, Assistant Public Defender (on appeal); and Michael Johnson, Assistant Public Defender (at trial), for the appellant, Joe Scott.

Paul G. Summers, Attorney General & Reporter; P. Robin Dixon, Assistant Attorney General; and Jennifer Nichols, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Near midnight on July 10, 1998, a man wearing a sheer stocking mask approached T.J. Tanksley, who was the owner of Just Beepers in Memphis, and his employee-in-training, April Heard, as they were closing the business for the night. The masked man ordered the two back inside the business at gunpoint and demanded their money. Tanksley, who at that point successfully fled from the scene, was unable to identify the gunman. After Tanksley's departure, the gunman took Ms. Heard's purse, which contained approximately $400.00, and pushed her to the ground. The assailant was driven away by two other individuals in a gray automobile, which had been parked nearby.

At trial, Ms. Heard identified the defendant as her assailant. She explained that the area was well lit, that she had known the defendant for approximately 13 years, and that she recognized him from his facial features and his gold teeth. She further recalled that she had seen the defendant on the day before in the same car used in the robbery. Ms. Heard testified that she "could see right through his . . . stocking and, you know, the hair net that you could see right through. . . . I saw

everything – his mouth, the gold, everything. I could see it. I knew who he was. And something just told me '[d]o not say his name.'"

Tanksley, who remained near the scene, testified that immediately following the robbery, Ms. Heard "kept calling [the defendant's] name out like . . . it was her brother." Officer Robert Farmer of the Memphis Police Department arrested the defendant on July 11. At the time of his arrest, the defendant had a black nylon stocking in his back pocket.

The defendant testified that he was at a casino in Tunica, Mississippi, with Sheena Oliver at the time of the robbery. He acknowledged, however, that he had offered to pay Ms. Heard $1,000.00 if she changed her statement and informed police that he was not her assailant. On cross-examination, the state provided evidence that the defendant had prior convictions for aggravated robbery, robbery, aggravated assault, and possession of a controlled substance with intent to sell. Ms. Oliver was not called as a witness. The defendant explained that he did not know her whereabouts.

The defendant contends that the evidence of his identity is insufficient. He argues that a jury should not have accredited the testimony of Ms. Heard because the robber was wearing a stocking mask. On appeal, of course, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, 859 (1956). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992).

Aggravated robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear" when "[a]ccomplished with a deadly weapon." Tenn. Code Ann. §§ 39-13-401(a), -402(a)(1). Here, there was proof that a robbery had occurred at gunpoint. Ms. Heard testified that she had known the defendant for almost 13 years and provided an emphatic, positive identification despite the stocking covering his face. She pointed out distinctive features in his appearance. In our view, a rational trier of fact could have found the defendant guilty of the crime of aggravated robbery.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE