IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 29, 2002

## STATE OF TENNESSEE v. RONALD DAVID WALLACE, JR.

**Appeal from the Criminal Court for Campbell County**
**No. 10620      E. Shayne Sexton, Judge**

---

**No. E2002-00695-CCA-R3-CD**
**December 13, 2002**

---

The defendant, Ronald David Wallace, Jr., was convicted of four counts of aggravated sexual battery. See Tenn. Code Ann. § 39-13-504(a)(4) (providing that "[a]ggravated sexual battery is unlawful sexual contact with a victim by the defendant . . . [where] [t]he victim is less than thirteen (13) years of age"). The trial court ordered concurrent sentences of eight years. In this appeal of right, the defendant argues that the evidence was insufficient to support his convictions. The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOE G. RILEY and ROBERT W. WEDEMEYER, JJ., joined.

Julie A. Rice, Knoxville, Tennessee (on appeal), and Charles Herman, Assistant Public Defender (at trial), for the appellant, Ronald David Wallace, Jr.

Paul G. Summers, Attorney General & Reporter; Braden H. Boucek, Assistant Attorney General; Michael O. Ripley, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In the fall of 1999, the defendant, who was married to Mary Ann Wallace, the older sister of the victim, shared a residence with the victim, A.A.,[1] and his family. The first two counts of the indictment were the result of an incident that took place when the defendant was babysitting the eight-year-old victim while his mother and sister went shopping. On that occasion, the defendant rubbed the victim's penis as the two sat in a living room chair. The defendant also removed his own pants and forced the victim to touch his penis. Afterward, the defendant instructed the victim to say nothing about the occurrence. Counts three and four were the result of an incident which occurred

---

[1] It is the policy of this court not to reveal the names of children who are victims of sex crimes.

on the next day. The defendant repeated his actions while he and the victim were in the family bathroom. On the following day, the victim reported both incidents to his sister.

At trial, the twenty-four-year-old defendant testified that he had been married to the victim's sister for approximately four years. He stated that in September of 1999, he and his wife and their one-year-old daughter moved into the residence occupied by the victim and his parents. While the defendant acknowledged that he babysat the victim on two consecutive evenings shortly after moving in, he denied any sexual contact. He claimed that he and the victim played video games and watched television both days. He insisted that he fed the victim and sent him to bed each evening and that no sexual contact took place. When confronted by his wife and the victim's mother, the defendant denied the victim's allegations. He testified that sometime later, he was again asked to babysit the victim, but refused.

On appeal, of course, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, 859 (1956). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992).

The statute defining the offense of aggravated sexual battery provides in pertinent part as follows:

> (a) Aggravated sexual battery is unlawful sexual contact with a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances:
> 
>        \*       \*       \*
> 
> (4) The victim is less than thirteen (13) years of age.

Tenn. Code Ann. § 39-13-504(a)(4). "'Sexual contact' includes the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." Tenn. Code Ann. § 39-13-501(6).

In our view, the evidence presented a classic jury question. The victim, who is less than thirteen years of age, testified that in approximately September of 1999, the defendant, while performing babysitting responsibilities, touched his penis and that, afterward, he was then forced to touch the defendant's penis. According to the victim, this same thing occurred the next day. The defendant denied engaging in any activities that could have resulted in incidental contact with the victim's penis. The jury accredited the testimony of the victim and rejected that offered by the defendant. That was its prerogative. A rational trier of fact could also have found beyond a reasonable doubt that the defendant's conduct could "be reasonably construed as being for the purpose of sexual arousal or gratification." The verdict resolved the conflicts in the testimony in favor of the state. See State v. Summerall, 926 S.W.2d 272, 275 (Tenn. Crim. App. 1995).

Accordingly, the judgments of the trial court must be affirmed.

_____
GARY R. WADE, PRESIDING JUDGE