IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 1, 2003

## STATE OF TENNESSEE v. DARRELL M. ANDERSON

**Appeal from the Criminal Court for Madison County**
**No. 01-572      Roy B. Morgan, Jr., Judge**

_____

### No. W2002-01269-CCA-R3-CD - Filed May 15, 2003

_____

The defendant, Darrell M. Anderson, was convicted of aggravated assault and simple assault. The trial court imposed a Range III, ten-year sentence for the aggravated assault and a concurrent 11-month, 29-day sentence for the assault. In this appeal of right, the defendant argues that the evidence was insufficient to support either conviction. The judgments are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Marcus M. Reaves, Jackson, Tennessee, for the appellant, Darrell M. Anderson.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On April 5, 2001, Yulanda Hollis resided with the defendant, who was her fiancé. After informing the defendant that she planned to see a movie at Hollywood Cinema with her cousin, Shamika Anderson, she left the residence. When Ms. Anderson could not join her, Ms. Hollis went to the movie with the victim, Troy Holloway, who was a co-worker. According to the victim, while the two were waiting for the movie to begin, the defendant entered the theater, at which point Ms. Hollis remarked, "That's my boyfriend." The defendant then left but returned approximately ten minutes later. The defendant, who was carrying a tire iron, ran towards the victim. The defendant swung the tire iron at the victim but missed and the two men began to scuffle. Ms. Hollis intervened, separated the two men, and the three left. As Ms. Hollis was driving the victim to his residence, the victim noticed that the defendant was following in his car. Fearful that the defendant intended to ram his vehicle into hers, Ms. Hollis pulled into the parking lot of a shopping center, stepped out of her car, and walked towards the defendant. The defendant, armed with a "pipe," walked past Ms.

Hollis towards the victim and threw the pipe, barely missing the victim's head. The defendant then returned to his car and drove away.

Madison County Constable Bobby Perry, who was inside the shopping center when he was told that there was a fight in the parking lot, observed the defendant arguing with the victim. The defendant had a small plastic tube in his hand. Constable Perry picked up the tube from the parking surface after the defendant threw it. By the time police arrived, the defendant was no longer at the scene. Officer Gary Jones, who investigated, drove to the Hollywood Cinema and found a tire iron located under a seat.

By the time of trial, Ms. Hollis had married the defendant. Called as a defense witness, she testified that as the defendant approached the victim inside the movie theater, "[The victim] jumped up and both of them got into each other." She stated that she ran to the concession stand for assistance and that by the time she returned, "There was no altercation . . . [and the two men] were coming down the stairs." Ms. Hollis denied that the defendant had entered the theater more than once. She claimed that she did not see a weapon in the defendant's possession. With regard to the second encounter, Ms. Hollis confirmed that the defendant had followed her into the shopping center parking lot but contended that he had approached her vehicle only to take possession of some personal belongings he had left in her car. Ms. Hollis acknowledged that the two men exchanged words and stated that "they were like just chasing each other around the car . . . [with] no blows or anything." She recalled that Constable Perry intervened and the defendant left. Upon cross-examination, Ms. Hollis acknowledged that she met the victim at the post office and ate with him at a restaurant before going to the movie theater. She also acknowledged that the defendant took a "black and long" stick from beneath her seat during the second altercation. She conceded that the defendant threw the stick but had missed the victim.

The defendant, who did not testify at trial, argues that there was no proof that the victim feared imminent bodily injury during the initial altercation. The defendant also argues that because the evidence was insufficient on each charge, the trial court should have granted his motion for judgment of acquittal. See Tenn. R. Crim. P. 29. He submits that because the state failed to establish that his prints were on the tire iron or to otherwise adequately link him to the weapon, the evidence was insufficient to support the felony conviction. As to the misdemeanor assault, the defendant argues that he was provoked by the victim, who, he claims, said, "It's not over, I'm going to get you," just before the plastic tube was thrown.

On appeal, of course, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983).

Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, 859 (1956). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992).

One commits an aggravated assault by intentionally or knowingly causing another reasonable fear of imminent bodily injury by the use or display of a deadly weapon. Tenn. Code Ann. § 39-13-102(a)(1)(B). When the state established that the defendant swung a tire iron at the victim and that the victim ducked in order to avoid the blow, that was sufficient to establish each of the statutory elements. That Officer Jones found a tire iron in the movie theater shortly after the altercation corroborated the testimony of the victim. Because Ms. Hollis had claimed she left the inside of the theater to get help during the altercation, there was no testimony which directly contradicted the account provided by the victim.

An assault occurs when one intentionally or knowingly causes another to reasonably fear imminent bodily injury. Tenn. Code Ann. § 39-13-101(a)(2). The state established that the defendant followed the vehicle driven by Ms. Hollis, approached the victim with a pipe in his hand, and threw the pipe at the victim, barely missing his head. It was the prerogative of the jury to accredit the testimony of the victim. Under these circumstances, it is our view that the evidence is sufficient to support the misdemeanor assault conviction.

Accordingly, the judgments are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-3-