IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 27, 2004

## STATE OF TENNESSEE v. RUSSELL K. BOWMAN

**Appeal from the Circuit Court for Putnam County**
**No. 02-0545     John J. Maddux, Jr., Judge**

_____

**No. M2003-00257-CCA-R3-CD - Filed April 6, 2004**

_____

The defendant was convicted of driving under the influence, second offense. The trial court imposed a sentence of 11 months and 29 days, to be served on probation after service of eighty days' incarceration. In this appeal of right, the defendant challenges the sufficiency of the evidence. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

H. Marshall Judd, Assistant Public Defender, for the appellant, Russell K. Bowman.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; and Thomas Tansil, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

During the evening hours of February 11, 2003, Jennifer Anderson, a drive-thru employee at a Taco Bell in Cookeville, received a number of harassing telephone calls while at work from a man who identified himself as "Russ." According to Ms. Anderson, the caller claimed to have been drinking. Ms. Anderson identified the defendant as the caller when he described an order that he had placed at the drive-thru earlier in the evening. Later, the defendant drove through the Taco Bell service window and offered to pay Ms. Anderson $40.00 if she would let him smell her feet and suck her toes. A manager at Taco Bell then telephoned the police.

Officer Frank Lenna of the Cookeville Police Department was dispatched to the scene. At the time of Officer Lenna's arrival, the defendant was still parked in the drive-thru lane of the restaurant. When the officer activated his blue lights, the defendant drove out of the parking lot and onto a public street at a very low rate of speed. The officer activated his siren and followed the

defendant approximately one quarter of a mile before the vehicle was stopped in the parking lot of the Putnam Farm Supply. As Officer Lenna approached the vehicle driven by the defendant, he observed a twelve-pack of beer on the rear floor board of the car. The defendant had an open beer, smelled of alcohol, and had red, watery eyes. According to Officer Lenna, the defendant admitted drinking two or three beers. When questioned, the defendant informed the officer that he had no physical impairments other than high blood pressure and agreed to perform three field sobriety tests. In the opinion of the officer, the defendant performed poorly on the tests. While performing the one-legged stand, for example, the defendant tried twice and was unable to get past the count of two before placing his lifted foot back to the ground. The defendant refused to submit to a blood alcohol test.

At trial, the defendant acknowledged that he had consumed two or three beers on the night in question and explained he drove away because he thought Officer Lenna was attempting to drive around him rather than attempting to make an investigatory stop. The defendant contended that he was not under the influence of alcohol and contended that he had an injury to his leg, which later required surgery, that affected his performance on the field tests.

The defendant's brother, James Ronnie Bowman, testified that he was with the defendant shortly before the arrest. Bowman claimed that he saw the defendant drink only one beer before the defendant drove his vehicle to the Taco Bell.

In this appeal, the defendant claims that the evidence was insufficient as a matter of law to support the jury verdict. On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, 859 (1956). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992).

Tennessee Code Annotated section 55-10-401 provides, in pertinent part, that "[i]t is unlawful for any person to drive or be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state . . . while . . . under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system." Tenn. Code Ann. § 55-10-401(a)(1).

In this instance, the defendant stipulated that he had a prior conviction for driving under the influence. The only issue, therefore, is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Ms. Anderson testified that the defendant placed several telephone calls to the Taco Bell on the evening in question and indicated that he had been drinking. At trial, the defendant admitted that he drank three beers before driving to the Taco Bell. When Officer Lenna arrived and activated his lights, the defendant drove out of the Taco Bell parking lot and onto a public street. Even after the officer activated his siren, the defendant continued driving for a quarter of a mile. The jury was free to reject the defendant's claim that he did not stop because he thought Officer Lenna wanted to pass him. Officer Lenna stated that the defendant smelled of alcohol, had red, watery eyes, and performed poorly on the field sobriety tests. Moreover, the record indicates that the state submitted a video, taken by the camera in Officer Lenna's cruiser, from which the jury was able to view the defendant's words and actions during the field sobriety tests and subsequent arrest. In our view, this evidence is sufficient to support the conviction.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE