# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 14, 2017

## STATE OF TENNESSEE v. DANIEL INMON

### Appeal from the Circuit Court for Rutherford County
#### No. M-73182      Royce Taylor, Judge
_____

### No. M2016-00596-CCA-R3-CD – Filed June 22, 2017
_____

Pro se Defendant, Daniel Inmon, was indicted by the Rutherford County grand jury with four counts of educational neglect, Tennessee Code Annotated sections 49-6-3001 to -3006, a class C misdemeanor, for failing to cause his four children to attend school for a period of seventeen days. He was subsequently convicted as charged and sentenced to thirty days supervised probation for each count, to be served consecutively. On appeal, the Defendant argues that the evidence was insufficient to sustain his convictions. Upon our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Daniel Imon, Murfreesboro, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Jennings H. Jones, District Attorney General; and John Zimmermann, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On September 17, 2015, the Defendant attempted to turn himself into the Rutherford County Sheriff's Office for not taking his children to school but was unable to do so. In response, Officer Mathew Harvey of the Murfreesboro Police Department went to the Defendant's home to perform a child welfare check. Upon arrival, Officer Harvey encountered the Defendant, who was cordial and aware of the children's absence from school. Officer Harvey intended to issue a misdemeanor citation in lieu of the Defendant's arrest for the instant offense, but the Defendant insisted on "going straight to jail so that he could talk to the Magistrate." The Defendant told Officer Harvey that his

children had been absent from school because "there was a form that the school asked them to fill out [and] he refused to sign it."

Crystal Farris with Murfreesboro City Schools testified that she was responsible for maintaining the city school attendance records for 2014. She obtained the records for the Defendant's four children. The Defendant stipulated that his children had not attended school "since August 22," and the records were admitted into evidence. The records showed that all four of the Defendant's children had been absent from school for over seventeen days. The Defendant's children did not miss school due to a medical condition, and they were not enrolled in any other type of school.

Lee Wilkerson, the principal at Cason Lane Academy in Murfreesboro, testified that the Defendant's home was zoned for Cason Lee Academy and his children attended the school in 2014 and 2015. Based on the age of the children, they were subject to the compulsory school attendance laws. Principal Wilkerson said the last day the children attended school was on August 22, 2014, but they attended a half day of school on August 5, 2015. The Defendant did not provide the school with any formal excuse accounting for the absence of the children.

Asked if he knew any reason why the Defendant kept his children from attending school, Principal Wilkerson replied

> There was a -- first of all, there was a homework policy on the part of our third grade teachers. And it had been a long standing policy that in order to encourage children to return paperwork documents that were sent home to be signed and returned to the school, there was a provision within this homework policy that would have after a certain number of days resulted in a missed assignment.

> A missed assignment would be considered basically a zero on homework assignment that would be -- it constituted 10 percent of the grade, the homework assignments in general. So, those missed assignments were -- it was a way to try and encourage communication between the parents and the schools about the documents that we would send.

> And that was questioned. And I agreed that that was in the current day and age that children should not be held accountable for the action or inaction of the parent as it relates to school documents.

> And, so, we revoked that policy within a couple of days of it being brought up that it was onerous to the family.

Principal Wilkerson said the change in the homework policy occurred on August 25, and the Defendant was notified of the change by email on the same day. He confirmed that the Defendant was the father and legal guardian of the four children listed in the indictment and that the children had been eligible to return to school for over a year. Finally, Wilkerson said the Defendant was never told that the children could not return without completing certain documents and that they were not required to return any documents to the school. On cross-examination, the Defendant, acting pro se, questioned Principal Wilkerson extensively regarding the specifics of the homework policy and other school documents requiring a parent's signature. The State rested.

The Defendant's wife, Laura Inmon, testified that she had been "home school[ing]" the children and kept an attendance record for them, which was admitted into evidence. She explained that the children had attended school for the entire year, but she had failed to file an attendance report with the State. She said the "strife" with Cason Lane Academy began when her son "was concerned about not getting these contracts turned in[.]" She contacted a teacher at the school, who confirmed that if the forms were not turned in her son would "get a missed assignment[.]" The next day, her daughter returned to school without the forms and was "set out for recess because the forms were not turned in[.]" She said in the prior years that her children attended Cason Lane Academy they did not return the forms and were not penalized.

On cross-examination, she said she did not know the school had changed its homework policy after their complaint. She also did not know that the local school director had to be notified if a parent intended to home school their children. She clarified that the children were not enrolled in a home school program but that she ensured they were learning while not in school.

The Defendant, acting pro se, testified in narrative form for the better part of twenty pages of the trial transcript. He was generally aggrieved with the contracts required by the school to be signed by parents. In closing argument, the Defendant said, "We - - the children were schooled all year. And they learned . . . . And I want you to understand that I did this on purpose. I withheld this attendance report because it was easy. Here I am. And that this is a situation where you can't be mean to kids, period. You can't." Following closing argument by the State, the jury convicted the Defendant as charged, and he later received an effective sentence of 120 days probation. He then filed a timely notice of appeal.

## ANALYSIS

As we understand the Defendant's brief, he challenges the sufficiency of the evidence supporting his convictions. To the extent that the Defendant raises other issues on appeal, those issues are waived because he failed to file a motion for new trial. A failure to file a motion for new trial waives all issues for appellate review other than the sufficiency of the evidence and sentencing. See Tenn. R. App. P. 3(e); State v. Bough, 152 S.W.3d 453, 460 (Tenn. 2004). The State contends, and we agree, that there was more than sufficient evidence to support the convictions in this case.

"Because a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, the criminal defendant bears the burden on appeal of showing that the evidence was legally insufficient to sustain a guilty verdict." State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009) (citing State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992)). When a defendant challenges the sufficiency of the evidence, the standard of review applied by this court is "whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" State v. Parker, 350 S.W.3d 883, 903 (Tenn. 2011) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states, "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." When this court evaluates the sufficiency of the evidence on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence. State v. Davis, 354 S.W.3d 718, 729 (Tenn. 2011) (citing State v. Majors, 318 S.W.3d 850, 857 (Tenn. 2010)).

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. State v. Sutton, 166 S.W.3d 686, 691 (Tenn. 2005); State v. Hall, 976 S.W.2d 121, 140 (Tenn. 1998). The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'" State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009)). The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. State v. Campbell, 245 S.W.3d 331, 335 (Tenn. 2008) (citing Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury. Dorantes, 331 S.W.3d at 379 (citing State v. Rice, 184 S.W.3d 646, 662 (Tenn. 2006)). When considering the sufficiency of the evidence, this court shall not substitute its inferences for those drawn by the trier of fact. Id.

"Every parent, guardian or other legal custodian residing within this state having control or charge of any child or children between six (6) years of age and seventeen (17) years of age, both inclusive, shall cause the child or children to attend public or nonpublic school, and in event of failure to do so, shall be subject to the penalties provided in this part." See T.C.A. § 49-6-3001(c)(1). A violation of Tennessee Code Annotated section 49-6-3001(c)(1) constitutes educational neglect and is subject to imprisonment for no greater than thirty days, or a fine not to exceed $50, or both. See T.C.A. § 40-35-111(e)(3).

The Defendant does not dispute any particular element or aspect of the educational neglect statute. In fact, he conceded at trial and on appeal that he kept his children from attending a school as required by law "on purpose" based on a dispute with the local school. However, the criminal justice system is not the appropriate arena to address the Defendant's complaints with the educational system. Upon our review, the school attendance records and the testimony at trial revealed that the children had not attended school for almost a year. Neither the Defendant nor his wife provided the school with a formal excuse accounting for their children's absence. Although his wife testified the children were being home-schooled, she acknowledged that the children were not enrolled in a home school program and that she had not notified the local school director as required by law. We therefore conclude that any rational trier of fact could have found that the Defendant failed to require his four children to attend school in violation of the educational neglect statute. He is not entitled to relief.

## CONCLUSION

Upon review, we affirm the judgments of the Rutherford County Circuit Court.

_____
CAMILLE R. McMULLEN, JUDGE

- 5 -