IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 12, 2020 Session

**STATE OF TENNESSEE v. KEISHA MOSES RICHARDSON**

**Appeal from the Criminal Court for Davidson County**
**No. 2018-C-1990    Angelita Blackshear Dalton, Judge**

———————————————————

**No. M2019-00952-CCA-R3-CD**

———————————————————

Defendant, Keisha Moses Richardson, was convicted by a Davidson County jury for violating an order of protection. The trial court imposed a sentence of eleven months and twenty-nine days to be served on probation. On appeal, Defendant argues that the evidence was insufficient to support her conviction. Having reviewed the entire record, the oral arguments, and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Manuel B. Russ, Nashville, Tennessee, for the appellant, Keisha Moses Richardson.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Glenn Funk, District Attorney General; and Paul DeWitt, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Background*

*I. Trial*

The minor child who is a subject of the ex parte order of protection (OP) will be referred to by her initials. The proof at trial demonstrated that Defendant and Paul Richardson divorced in 2017. Mr. Richardson was granted full custody of their daughter, K.R., and moved to Nashville from Memphis. Because of events in October 2017, Mr. Richardson filed a petition seeking an ex parte OP. Mr. Richardson's petition was not

entered as an exhibit during Defendant's trial and thus is not a part of the record on appeal.

As a result of the ex parte petition, Mr. Richardson obtained an ex parte OP that covered him and K.R. On November 13, 2017, a hearing on the ex parte order was held, with both parties present, and an OP was entered. The November 13, 2017, OP was effective for six months as to Mr. Richardson but only thirty days for K.R. A box on the form OP was marked by the OP court indicating that the Defendant "did the things listed in the Petition and the Court adopts these as facts and incorporates them by reference." On page 3 of the OP, Defendant was ordered to have no contact with Mr. Richardson and his children "either directly or indirectly, by phone, email, messages, text message, mail or any other type of communication or contact." The OP instructed Defendant to "stay away from" Mr. Richardson's home and workplace and child's home and workplace. The OP was hand delivered to both Defendant and Mr. Richardson.

Defendant also sought an OP against Mr. Richardson. A rehearing was scheduled for both Defendant's petition and Mr. Richardson's extension of the November 13, 2017, OP on December 14, 2017. The OP court issued a continuance until January 4, 2018 because Mr. Richardson was unable to attend the December 14 hearing. The order of continuance was announced in court with Defendant present. The order of continuance was also mailed to an address Defendant provided.

Defendant failed to appear at the January 4, 2018 hearing. The OP court waited for almost half an hour before proceeding with the hearing. The OP court again checked the box on the form OP which indicated that the Defendant "did the things listed in the Petition and the Court adopts these as facts and incorporates them by reference." Additionally, the OP court found that Defendant was a threat to the safety of Mr. Richardson and his minor child and checked the form OP to indicate that Defendant specifically "abused/threaten to abuse" Mr. Richardson's minor child.

The OP court again ordered Defendant to have no contact with Mr. Richardson or his minor child "either directly or indirectly, by phone, email, messages, text message, mail or any other type of communication or contact." Further, Defendant was again ordered to "stay away from" Mr. Richardson's home and workplace as well as child's home and workplace.

The January 4, 2018 OP indicated that Mr. Richardson was to have custody of K.R. Further, the OP court hand wrote notations regarding parenting time that Defendant "shall have no contact with the minor child until the court which has domestic jurisdiction determines custody and parenting time, not to exceed 11 months and 29 days of the entry of this order."

The OP court granted Mr. Richardson's petition for one year, which covered both Mr. Richardson and K.R. until January 2019. The OP court indicated by a handwritten notation on the OP, that Defendant had notice of the hearing and failed to appear. The OP court dismissed Defendant's petition against Mr. Richardson for failure to prosecute.

A copy of the January 4, 2018 OP and the order dismissing Defendant's petition were mailed to Defendant's last known address that was given by Defendant to the OP court at the December 14, 2017 hearing. The orders were returned as undeliverable.

Mr. Richardson provided a copy of the January 4, 2018 OP to K.R.'s school. On May 22, 2018, Defendant came to K.R.'s school to see her daughter receive an award. Chad High, the school principal, sequestered Defendant and put K.R.'s classroom on lockdown. Mr. High notified Mr. Richardson that Defendant was at K.R.'s school. Mr. Richardson came to the school and picked up K.R.

Mr. High notified Defendant that there was an OP issued and that she could not see K.R. Defendant told Mr. High that she was unaware of the order. Mr. High provided Defendant with a copy. Defendant refused the copy of the OP and refused to leave without seeing K.R. Police were called, and Defendant was arrested. After a jury trial, Defendant was found guilty of violating the January 4, 2018 OP.

After a sentencing hearing, the trial court sentenced Defendant to eleven months and twenty-nine days to be served on supervised probation. It is from that conviction that Defendant now appeals.

*Analysis*

Defendant argues that the evidence was insufficient to sustain her conviction for violating an OP because the State produced insufficient evidence that Defendant had notice that her daughter was a party to the OP and that she willfully violated the order.

"Because a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, the criminal defendant bears the burden on appeal of showing that the evidence was legally insufficient to sustain a guilty verdict." *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009) (citing *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992)). "Appellate courts evaluating the sufficiency of the convicting evidence must determine 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Wagner*, 382 S.W.3d 289, 297 (Tenn. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see* Tenn. R. App. P. 13(e).

- 3 -

When this court evaluates the sufficiency of the evidence on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence. *State v. Davis*, 354 S.W.3d 718, 729 (Tenn. 2011) (citing *State v. Majors*, 318 S.W.3d 850, 857 (Tenn. 2010)).

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. *State v. Sutton*, 166 S.W.3d 686, 691 (Tenn. 2005); *State v. Hall*, 976 S.W.2d 121, 140 (Tenn. 1998). The standard of review for sufficiency of the evidence "is the same whether the conviction is based upon direct or circumstantial evidence." *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *Hanson*, 279 S.W.3d at 275). The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn. 2008) (citing *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). Moreover, the jury determines the weight to be given to circumstantial evidence, the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence. *Dorantes*, 331 S.W.3d at 379 (citing *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006)). When considering the sufficiency of the evidence, this court "neither re-weighs the evidence nor substitutes its inferences for those drawn by the jury." *Wagner*, 382 S.W.3d at 297 (citing *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997)).

It is an offense to "knowingly violate" an order of protection. Tenn. Code Ann. § 39-13-113(a). In order to constitute a violation:

> (1) The person must have received notice of the request for an order of protection or restraining order;
>
> (2) The person must have had an opportunity to appear and be heard in connection with the order of protection or restraining order; and
>
> (3) The court made specific findings of fact in the order of protection or restraining order that the person committed domestic abuse, sexual assault or stalking as defined in § 36-3-601.

Tenn. Code Ann. § 39-13-113(f)(1-3). "'Knowing' means that a person acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature and circumstances exist." *Id.* § 39-11-106(a)(20).

The proof in this case was sufficient to establish that Defendant violated the January 4, 2018 OP. Viewed in a light most favorable to the State, the proof shows that

Mr. Richardson obtained an OP for himself and K.R. on November 13, 2017. The order stated that Defendant was to have no contact with Mr. Richardson or K.R. It further stated that Defendant was to stay away from their home and workplace. The order was hand delivered to Defendant. The OP for K.R. expired on December 13, 2017. The OP covering Mr. Richardson did not expire until April 13, 2018. A hearing to extend the OP against Defendant to protect K.R. was set for December 14, 2017. Defendant was present at the hearing to advance her own petition for an OP. Mr. Richardson could not attend. It was announced in court, with Defendant present, that the hearing was rescheduled for January 4, 2018. Further, notice of the OP hearing continuance was mailed to Defendant at an address Defendant provided in open court. Defendant had notice of the January 4, 2018 hearing. This was her opportunity to be heard in connection with the OP. She ignored the notice and chose not to appear and be heard.

At the January 4, 2018 hearing, the OP court made specific findings about abuse. While the record does not include what specific "things listed in [Mr. Richardson's] petition [Defendant] did", such proof is not necessary to establish that Defendant violated an order of protection or restraining order and thus is guilty of offending Tenn. Code Ann. § 39-13-113. It was only necessary to prove that the OP court had made such a finding. Here the OP court found that Defendant committed "abuse/threatened abuse" to K.R. "Abuse" in the context of domestic abuse means,

> inflicting, or attempting to inflict, physical injury on an adult or minor by other than accidental means, placing an adult or minor in fear of physical harm, physical restraint, malicious damage to the personal property of the abused party, including inflicting, or attempting to inflict, physical injury on any animal owned, possessed, leased, kept, or held by an adult or minor, or placing an adult or minor in fear of physical harm to any animal owned, possessed, leased, kept, or held by the adult or minor;

Tenn. Code Ann. § 36-3-601(1). Domestic abuse means committing abuse against a victim who falls into a category that includes persons who are adults or minors related by blood or adoption. Tenn. Code Ann. § 36-3-601(4)(5)(D).

As a result of the January 4, 2018 hearing, the OP court issued an OP for Mr. Richardson and K.R with instruction to Defendant to have no contact and stay away from K.R. The OP was mailed to the address that Defendant gave to the OP court previously. The order was returned as undeliverable by the post office. However, the statute only requires that "notice of the request for an order of protection or restraining order" not actual service of the order. Tenn. Code Ann. § 39-13-113(f)(1). It is undisputed that Defendant had notice of the December 14, 2017 hearing and it is clear she knew of the January 4, 2018 hearing. It is undisputed that the OP court made specific findings by

- 5 -

checking the form OP that found Defendant "specifically" committed domestic abuse, as defined in T.C.A. § 36-3-601.

It is undisputed that Defendant went to K.R.'s school. Defendant only argues that she did not know the January 4, 2018 hearing would be regarding an order of protection against her pertaining to K.R. However, Defendant knew the December 14, 2017 hearing was to extend the OP relating to K.R. Thus, a rational trier of fact could quite easily conclude that Defendant knew the January 4, 2018 hearing would concern the same subject matter that was to be addressed at the December 2017 hearing.

The jury heard the witness' testimony, reviewed the evidence, and determined that Defendant violated an OP. Based on our review, the evidence is sufficient to support Defendant's conviction. Defendant is not entitled to relief on this issue.

### *Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE