IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 13, 2004

## STATE OF TENNESSEE v. TIMERELL NELSON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 02-05451     John P. Colton, Jr., Judge**

---

**No. W2003-01474-CCA-R3-CD  - Filed May 27, 2004**

---

The Appellant, Timerell Nelson, appeals the verdict of a Shelby County jury finding him guilty of first degree felony murder.  On appeal, Nelson raises the single issue of whether the evidence is sufficient to support his conviction.  After review, we find the evidence to be more than sufficient.  Accordingly, the judgment of conviction is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Robert Wilson Jones, Public Defender; Garland Ergüden, Assistant Public Defender (on appeal); Greg Carman and Cliff Abeles, Assistant Public Defenders (at trial), Memphis, Tennessee, for the Appellant, Timerell Nelson.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Elizabeth B. Marney, Assistant Attorney General; William L. Gibbons, District Attorney General; and Tom Hoover and Andre Thomas, Assistant District Attorneys General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On March 24, 2002, the Appellant and his accomplice, Christopher Johnson,[1] perpetrated a robbery of Nick's Laundry in Shelby County, during which Ronnie Lee Nichols was murdered.  A witness, Tracee Butler, testified that she was in the laundromat folding clothes, when she observed

---

[1]The seventeen-year-old co-defendant, Johnson, was jointly tried with the Appellant.  The record indicates that he was convicted of facilitating first degree murder.

the Appellant, wearing a white t-shirt, walk to the office. The Appellant had a gun in his hand and demanded that the victim "give me my money." According to Butler, she heard a pop and saw the Appellant's arm jerk. Additionally, she saw the victim fire a gun and the Appellant fall to the floor. Two to three additional shots were fired, although Butler was unaware of who fired these shots. The victim came out of the office and fell onto the floor. At this point, Christopher Johnson, dressed in all blue clothing, approached and entered the office, stepping over both the Appellant and the victim. He emerged from the office carrying money and a gun. He then proceeded to help the Appellant from the laundromat.

Jerome Tate testified that he saw two men exit the laundromat shortly after 2 p.m. He testified that one man, dressed in blue, had money in one hand and was holding up the other man, who was wearing a white t-shirt and who appeared to have been shot. Tate testified that the pair walked to a nearby intersection and the wounded man got into a vehicle, which was waiting at the traffic light. The man dressed in blue fled the scene on foot. Tate was unable to identify either person at trial.

The Appellant was driven to a local fire station, where he requested medical assistance. He was subsequently hospitalized as a result of a gunshot wound. The police were called to investigate the shooting and collected bloody clothing from the vehicle involved in transporting the Appellant. During the same period, the co-defendant was apprehended in a vehicle near his home, and two guns were recovered from the car. One gun, identified as belonging to the victim, contained four spent rounds and one live round. The other gun, a Titan .38 special belonging to the Appellant, contained five live rounds and one spent round. Forensic evidence established that the bullet recovered from the victim's body was fired from the Titan .38 special.

On April 2, 2002, a Memphis homicide detective went to the hospital in response to the Appellant's request to speak to the police. The Appellant gave a statement, which implicated both himself and Christopher Johnson. In the statement, the Appellant related that he went to the laundromat with the intent to commit a robbery in order to obtain money for his heroin addiction. The Appellant further stated that he approached the victim, displayed his weapon, and demanded money. However, according to the Appellant, the victim shot him first, and he only fired in return.

On July 11, 2002, a Shelby County grand jury returned a two-count indictment against the Appellant and Christopher Johnson, charging them with premeditated first degree murder and alternatively with felony murder during the perpetration of an aggravated robbery. At trial, Butler identified the Appellant as the shooter. Neither the Appellant nor the co-defendant Johnson testified at trial.

On April 11, 2003, a jury found the Appellant guilty of second degree murder and first degree felony murder. The second degree murder conviction was merged, and the Appellant was subsequently sentenced to a term of life imprisonment. The Appellant's motion for new trial was denied, with this appeal following.

**Analysis**

On appeal, the Appellant challenges the jury's verdict finding him guilty of first degree felony murder. When an appellant challenges the sufficiency of the evidence, this court must determine "whether, after viewing the evidence in the light most favorable to the [State], any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e); *State v. Duncan*, 698 S.W.2d 63, 67 (Tenn. 1985). The State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

The credibility of witnesses, the weight of their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the trier of facts. *State v. Gentry*, 881 S.W.2d 1, 3 (Tenn. Crim. App. 1993) (citing *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). A jury verdict for the State accredits the testimony of the State's witnesses and resolves all conflicts in favor of the State. *State v. Williams*, 657 S.W.2d 405, 410 (Tenn. 1983). Moreover, a guilty verdict removes the presumption of innocence enjoyed by a defendant at trial and replaces it with a presumption of guilt. *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). Thus, an appellant challenging the sufficiency of the evidence carries the burden of illustrating to this court why the evidence is insufficient to support the verdict. *State v. Freeman*, 943 S.W.2d 25, 29 (Tenn. Crim. App. 1996).

On appeal, the Appellant specifically argues that, due to conflicts in the evidence, the proof is insufficient under *Jackson v. Virginia* to justify finding him guilty of the offense beyond a reasonable doubt. *Jackson v. Virginia* addresses two important aspects of a sufficiency review: (1) the manner of review of the convicting evidence and (2) the standard of review for legal sufficiency. The scope of our examination of the evidence is not equivalent to that of the jury. In a challenge to the sufficiency of the evidence, this court does not retry an appellant. We emphasize that our examination in a sufficiency review is not to revisit inconsistent, contradicting, implausible, or non-credible proof, as these issues are resolved solely by the jury. Rather, we look to the record to determine, in the light most favorable to the State, whether there was substantive probative evidence to support the verdict. The second inquiry, the question of legal sufficiency, then follows: whether the record contains evidence from which the jury could have found the essential elements of the crime beyond a reasonable doubt. Every reasonable hypothesis of innocence need not be dispelled; it is only necessary that there exists proof which supports the elements of the crime.

As indicted, the Appellant was convicted under Tennessee Code Annotated section 39-13-202(a)(2)(2003), which defines first degree felony murder as the "killing of another committed in the perpetration of or attempt to perpetrate any. . . robbery." First, the Appellant asserts that due to conflicts in his identification as the person who shot the victim, the proof is legally insufficient. Again, any conflicts in the evidence were resolved by the jury's verdict, and we are without authority to revisit these factual conflicts. Moreover, the Appellant's statement to the police that he was the shooter belies this assertion.

Next, the Appellant argues that it was not shown that he intended to kill the victim, as the proof established "he didn't knowingly pull the trigger" and that he fired his gun only after the victim had shot him. This argument is misplaced. Under the felony murder rule, it is immaterial whether the killing of the victim by the defendant was intentional or accidental, as the requisite intent for felony murder is the defendant's intent to commit the underlying felony. Tenn. Code Ann. § 39-13-202(b). Moreover, under the facts of this case, self-defense was not justified because it was the Appellant who provoked the victim's use of force. Tenn. Code Ann. § 39-11-611(d)(2003). In his own statement, the Appellant admitted that he intended to rob the victim and, during the course of that robbery, the victim was shot and killed. We conclude the evidence is more than sufficient for a rational trier of fact to have found the Appellant guilty of felony murder beyond a reasonable doubt.

## CONCLUSION

In sum, we conclude that the evidence in this case, taken as a whole and in the light most favorable to the State, was legally sufficient to permit a rational trier of fact to find the Appellant guilty of first degree felony murder beyond a reasonable doubt. Accordingly, the judgment of conviction is affirmed.

_____
DAVID G. HAYES, JUDGE