# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## FEBRUARY 1997 SESSION



**FILED**

March 27, 2008

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| Appellee, | ) | NO. 02C01-9603-CC-00082 |
| | ) | |
| VS. | ) | HENRY COUNTY |
| | ) | |
| | ) | Hon. Julian P. Guinn, Judge |
| BRYAN MATTHEW WILLIS, | ) | |
| | ) | (Aggravated Burglary and |
| Appellant. | ) | Theft of Property) |

FOR THE APPELLANT:

GUY T. WILKINSON
District Public Defender

W. JEFFERY FAGAN
Assistant District Public Defender
P.O. Box 663
Camden, Tennessee 38320

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

M. ALLISON THOMPSON
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

G. ROBERT RADFORD
District Attorney General

VICKI S. SNYDER
Assistant District Attorney General
P.O. Box 686
Huntingdon, TN 38344-0686

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

## OPINION

Bryan Matthew Willis appeals his convictions in the Circuit Court of Henry County. He was convicted by a jury of three (3) counts of aggravated burglary and three (3) counts of theft of property. On appeal, he argues that the evidence was insufficient for the convictions based on the uncorroborated testimony of an accomplice. We affirm the judgment of the trial court.

## FACTUAL BACKGROUND

The homes of Jerry Bomar, Wade Darby and David Denton were burglarized in January 1995. Several days after he discovered the burglary, Darby discovered that several items stolen from his home had been pawned at a shop in Murray, Kentucky. He immediately notified the officers at the Henry County Sheriff's Department. Darby identified some items at the pawn shop as belonging to him. A pawn ticket for these items was signed by the defendant. An air compressor belonging to Darby was later found at another pawn shop in Dover, Tennessee. The pawn ticket for the compressor was signed by the defendant.

Officer James Crosser also took possession of a camera at the Kentucky pawn shop. It was later identified as belonging to Bomar. The pawn ticket for the camera was also signed by the defendant.

In his statement to the police, Willis admitted to pawning the items, but denied that he knew they were stolen. He stated that he was pawning the items for Robert Coleman because Coleman did not have the identification required to pawn the items. He also stated that he knew where Coleman might have put guns that were stolen in the course of the burglaries. When the police searched the area, no guns were found. Willis then contacted Coleman as to the whereabouts of the guns. Coleman told Willis that he hid the guns in a shed behind his mother's house. The police found the guns in that location. Some of the guns recovered were later identified as belonging to Denton.

Coleman pled guilty to the aggravated burglary of the residences of Bomar and Denton. He also pled guilty to theft of property as to Bomar, Darby and Denton.

At trial, Coleman testified that he and the defendant committed the Bomar and Denton burglaries. Additionally, Coleman described how they gained access to both residences. He testified that they drove by the Bomar house four or five times in Coleman's tan vehicle, and Willis broke in through the front of the Bomar house and let him in through the back door. He also stated that Willis kicked in the door at the Denton home. He denied any involvement in the Darby burglary but stated that Willis admitted to the Darby burglary.

Coleman further testified that he and Willis hid the guns in the woods off of a gravel road (the location originally given by Willis in his statement to the police). He stated that Willis knew that he was planning to move the guns but did not know where. Coleman acknowledged that he and the defendant took the handguns to Ron Allen to get assistance in selling them.

Officer Crosser testified as to the specifics of how the homes were entered. He stated that a window screen was cut at the Bomar home. The investigators determined that someone crawled through that window and then opened the sliding glass door in the back because of a fingerprint found on the glass.[1] Officer Crosser testified that the burglar was able to gain access to the Darby home by kicking in the door. Officer Kenny Jenkins testified that the door at the Denton residence was kicked in to the point that the door frame was damaged.

Ron Allen testified that Willis and Coleman came to his house for help in selling some guns. Later that same day Willis came back to his house alone for help in selling a sawed off shotgun. None of these weapons were ever recovered by the police.

Peggy Wallace, the owner of P & I Pawn Shop in Dover, testified that she could not positively identify who pawned Darby's air compressor. However, she did verify the accuracy of the pawn ticket as she filled it out herself. Charles DeRoush,

---

[1] An attempt was made to lift the fingerprint. However, because that attempt was unsuccessful, the police were unable to make a positive match.

an employee at Vernon's Pawn Shop in Murray, Kentucky, identified Willis as the person who pawned several items over the course of two days. He also testified that Willis claimed ownership of the chain saw belonging to Darby.

Annie McWherter, the grandmother of Mrs. Bomar, testified that she lives across the street from the Bomar home. On the day of the Bomar burglary, she noticed a tan vehicle driving back and forth on her street several times. She observed that two young men were in the car.

Willis contends that the evidence is insufficient as a matter of law to convict him of aggravated burglary and theft of property. He argues that Coleman's testimony was uncorroborated and, as a result, the evidence is insufficient to sustain his conviction.

## SUFFICIENCY OF THE EVIDENCE

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Williams, 657 S.W.2d 405 (Tenn. 1983). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. Id.

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); State v. Duncan, 698 S.W.2d 63 (Tenn. 1985); T.R.A.P. 13(e). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542 (Tenn. 1984);

4

Byrge v. State, 575 S.W.2d 292 (Tenn. Crim. App. 1978).

## ACCOMPLICE TESTIMONY

It is well established in Tennessee that a conviction may not be based solely upon the uncorroborated testimony of an accomplice. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992); State v. Henley, 774 S.W.2d 908, 913 (Tenn. 1989). Whether the witness' testimony has been sufficiently corroborated is a matter entrusted to the jury as triers of fact. State v. Bigbee, 885 S.W.2d at 803. In Bigbee, the Supreme Court reiterated the rule relating to corroboration of accomplice testimony:

> There must be some fact testified to, entirely independent of the accomplice's testimony, which, taken by itself, leads to the inference, not only that a crime has been committed, but also that the defendant is implicated in it; and this independent corroborative testimony must also include some fact establishing the defendant's identity. This corroborative evidence may be direct or circumstantial, and it need not be adequate, in and of itself, to support a conviction; it is sufficient to meet the requirements of the rule if it fairly and legitimately tends to connect the defendant with the commission of the crime charged.

Id. at 803 (quoting State v. Gaylor, 862 S.W.2d 546, 552 (Tenn. Crim. App. 1992) which was quoting Hawkins v. State, 4 Tenn. Crim. App. 121, 469 S.W.2d 515, 520 (Tenn. Crim. App. 1971)).

In the present case, there is sufficient evidence to corroborate the testimony of Coleman. Coleman described at trial how he and Willis entered the homes of Bomar and Denton. This testimony was corroborated by the testimony of Officers Crosser and Jenkins. The testimony of Allen, Wallace and DeRoush that Willis sold or pawned some of the items of property corroborate that he intended to deprive the owners of their property and knowingly exercised control over the property.

Likewise, there is adequate evidence to corroborate Coleman's testimony that Willis was present during the burglaries. Coleman testified that he and Willis had driven past the Bomar house several times before deciding to go in. Annie McWherter testified that she observed a tan car driving back and forth on her street several times the day of the Bomar burglary. She also stated that she observed two

5

young men in the car.

Coleman testified that he moved some of the guns taken from the Denton home to his mother's house. He stated that he and Willis hid the guns in the woods. Officer Crosser corroborated this by testifying that Willis told him to look in that area for the guns.

The pawn tickets, along with the testimony of Wallace and DeRoush, corroborate that Willis was in fact the person who pawned some of the items stolen from the Darby and Bomar homes. Possession of recently stolen goods gives rise to an inference that the possessor has stolen them. Bush v. State, 541 S.W.2d 391, 394 (Tenn. 1976); State v. Hamilton, 628 S.W.2d 742, 746 (Tenn. Crim. App. 1981). Additionally, possession of recently stolen goods may be sufficient evidence to sustain a conviction for burglary. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995); State v. Hamilton, 628 S.W.2d at 746.

Although the evidence is largely circumstantial in this case, we find that it is sufficient to sustain the convictions of aggravated burglary and theft of property. The testimony of Coleman was sufficiently corroborated. Accordingly, the judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

6

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**JOHN H. PEAY, JUDGE**