IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1996 SESSION



FILED

May 1, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 02C01-9509-CC-00272 |
| Appellee, | * | TIPTON COUNTY |
| VS. | * | Hon. Joseph H. Walker, Judge |
| KEITH L. BROWN, | * | (Possession of Schedule II Controlled Substance with |
| Appellant. | * | Intent to Deliver and Evading Arrest) |


For Appellant:

James V. Ball
Attorney
217 Exchange Avenue
Memphis, TN  38105

For Appellee:

Charles W. Burson
Attorney General & Reporter

Robin L. Harris
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN  37243-0493

Walt Freeman
Assistant Attorney General
302 Market Street
Somerville, TN  38068


OPINION FILED:  _____


AFFIRMED


GARY R. WADE, JUDGE

## OPINION

The defendant, Keith L. Brown, was convicted for evading arrest and possession of more than .5 grams of cocaine with intent to deliver. The trial court imposed a sentence of 11 months and 29 days for the misdemeanor conviction and a consecutive sentence of nine years for the drug conviction. The single issue presented for review is whether the evidence was sufficient to convict. We affirm the judgment of the trial court.

At approximately 7:30 P.M. on February 24, 1994, Officers Terence Craig and Cavat Bass observed an automobile accident at the intersection of Church Street and South College in Covington. Although the accident occurred after dark, there was a street light at the intersection. Sergeant Bass, who was ten to twelve feet away from the collision site, identified the defendant as the driver of one of the two vehicles involved. The second vehicle had caused the accident by running a stop sign. Before the officers could intervene, however, the defendant sped away from the scene, traveling at a high rate of speed and running several stop signs. The two officers pursued the vehicle through the town square until the defendant and his passenger, later identified as Elton Ruffin, abandoned their vehicle and ran away on foot. Officer Bass captured Ruffin. Officer Craig was able to identify the defendant as he fled from the moving car, but was unable to make an arrest at the scene.

The officers found some "white chunky substance" in

the rear floorboard of the defendant's car.  A laboratory analysis established that the substance was 2.9 grams of cocaine.  A warrant was issued and the defendant was arrested at his mother's house in Shelby County about a week later.

At trial, Officer Craig testified that the person driving the car was the defendant.  Officer Bass testified that he knew the defendant and had seen him in the same car about three days before this offense; he specifically recalled having seen the defendant washing the car at the residence of a relative.

The defendant denied that he was the driver of the car.  He claimed that he was in Memphis with his girlfriend and several others at the time.  Ruffin testified that the defendant, his nephew, was not in the vehicle at the time of the accident and that the car had been driven by Lamont Leonard Currie.  Ruffin claimed that he had purchased the vehicle for $200.00 from Quentin Booker, to whom the vehicle was registered, on the day of the accident.  The defendant's grandmother, his mother, his sister, and his girlfriend, all testified that the defendant was in Memphis at the time of the accident.

In this appeal, the defendant complains that no rational trier of fact should have been satisfied with the sufficiency of the identification evidence.  Clearly, the identification of the defendant was the primary issue at trial.  In fact, during the course of deliberations, the

jurors asked the trial judge why Currie had not been subpoenaed to appear and what testimony he had given at the preliminary hearing. Of course, no answers were given to either of the questions. The jury was instructed to disregard those issues.

Recently, our supreme court promulgated a new jury instruction on identification, holding that the value of such evidence may depend upon several factors:

> (1) The witness' capacity and opportunity to observe the offender. This includes, among other things, the length of time available for observation, the distance from which the witness observed, the lighting, and whether the person who committed the crime was a prior acquaintance of the witness;
>
> (2) The degree of certainly expressed by the witness regarding the identification and the circumstances under which it was made, including whether it is the product of the witness' own recollection;
>
> (3) The occasions, if any, on which the witness failed to make an identification of the defendant, or made an identification that was inconsistent with the identification at trial; and
>
> (4) The occasions, if any, on which the witness made an identification that was consistent with the identification at trial, and the circumstances surrounding such identifications.

State v. Dyle, 899 S.W.2d 607, 612 (Tenn. 1995).

Dyle was released on May 15, 1995, before the notice of appeal was filed in this case. Because the new rule specifically applied to those cases which were on appeal at the time of the release of Dyle, it applies here.

4

Under this ruling, it is plain error not to give the instruction when witness "identification is a material issue and it is requested by defendant's counsel." Id. The issue of identity is a material issue when either (1) the defendant puts it at issue, or (2) the eyewitness testimony is uncorroborated by circumstantial evidence. Id. at 612, n. 4. If the "defendant does not request the instructions, failure to give it will be reviewable under a Rule 52 harmless error standard." Id. Because defense counsel did not request any special instructions on eyewitness identification in this case, our review must be based upon the harmless error standard, that is, there shall be no reversal "except for errors which affirmatively appear to have affected the result of the trial on the merits." Tenn. R. Crim. P. 52(a).

There are restrictions upon our scope of review. In an appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the jury as the triers of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). A conviction can be set aside only when this court finds that the "evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). A jury verdict, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in favor of the

state's theory.  State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978).

In our view, the instruction error was harmless and the proof was sufficient.  First, there was corroboration of the identification by direct and circumstantial evidence. When arrested, Ruffin initially identified the defendant as the driver of the car.  The factors outlined in Dyle support the position of the state.  First, each of the officers who identified the defendant knew him before the date of the accident.  Officer Bass was within ten to twelve feet of the defendant in a well-lit intersection.  Officer Craig identified the driver as the defendant when he saw the defendant leap from the moving vehicle.  Clearly, each officer had not only a reasonable opportunity to identify the defendant but also a good reason to do so.  Next, each of the officers testified repeatedly that they were certain that the defendant was the driver of the car.  That would have satisfied the second prong in Dyle.  Thirdly, neither of the officers hesitated about their identification.  There was no point at which they misidentified or failed to identify the defendant.  Finally, the officers were consistent in making the identification, from the issuance of the warrant to their testimony at trial.  In our view, the proof of eyewitness identification was sufficient.  It was the prerogative of the jury to assess the credibility of those who testified.  Any error by the failure to provide the Dyle instruction, in the interest of the entire trial, was harmless.

6

Accordingly, the judgment is affirmed.


_____
Gary R. Wade, Judge

CONCUR:


_____
Joe B. Jones, Presiding Judge


_____
William M. Barker, Judge

7