# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

Assigned on Briefs November 27, 2012

## STATE OF TENNESSEE v. WILLIAM HENRY SMITH, JR.

**Appeal from the Circuit Court for Bedford County**
No. 17213 F. Lee Russell, Judge

**No. M2012-00784-CCA-R3-CD - Filed May 21, 2013**

The appellant, William, Henry Smith, Jr., appeals his Bedford County jury conviction for Driving while Motor Vehicle Habitual Offender, arguing that the evidence was insufficient to support his conviction. He also states that his six year sentence in the Department of Correction was excessive. Finding the evidence sufficient and the sentence proper, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CHRISTOPHER CRAFT, SP. J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Donna L. Hargrove, District Public Defender, Fayetteville, Tennessee, and Michael J. Collins, Assistant District Public Defender, Shelbyville, Tennessee, for the appellant, William Henry Smith, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Robert Carter, District Attorney General; and Christopher Collins, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

At trial, the first witness for the State, Roy Hall, testified that he had been trying to call his wife and had not been able to reach her. After midnight, February 20, 2011, he found her car at the Barefoot Bay Café, but could not locate her inside the bar. He observed the appellant get into her car, and when he confronted him, the appellant told him he didn't know what he was talking about and slammed the door, driving off. Not knowing if the car was stolen, Mr. Hall began following him and called the police. The appellant stopped at a Shell station for a period of time, never exiting the vehicle, eventually pulling onto the road again. To his knowledge, no one else ever entered or

exited the vehicle, and he never lost sight of it at any time. The appellant eventually pulled the vehicle into a driveway on Cedar River Road and never exited the vehicle until the police arrived.

Officer Lawrence, a Shelbyville police officer, next testified that he was on patrol that night when Mr. Hall called 911 stating that his car was stolen and was being driven by an unidentified black male. He arrived within five to ten minutes of the call, made brief contact with Mr. Hall, and observed the indicated vehicle pulling into the driveway. The area was well lit by streetlights. He observed the appellant exit the vehicle on the driver's side. No one else entered or exited the vehicle. As he approached the appellant on foot, the appellant stated to him, "Why are you f---ing with me?" He could not produce a driver's license, and appeared to be angry and intoxicated. He initially refused to get into the police car, but eventually calmed down after other officers arrived on the scene. Through a computer check, he was found to be a habitual offender. When he was placed under arrest, the officer found the car keys in his pocket, along with a key to a hotel room at the Blue Ribbon Inn. The officer did not take the time to read the implied consent form to him because there were four to six other individuals nearby, creating a safety risk, and no field sobriety tests were given. He asked the appellant to take a test for intoxication, which the appellant refused.

Officer Swift, also with the Shelbyville police department, testified that he arrived behind Officer Lawrence and also saw the appellant exit the vehicle. He had to assist in the arrest because the appellant was cursing and being loud and disorderly, smelling of alcohol. Officer Vest next testified that he left the scene and went to the room at the Blue Ribbon Inn to which the appellant's key belonged, and found Mr. Hall's wife exiting the room. She consented to a search of the room and several empty alcohol bottles were found.

Before the State rested, a stipulation was entered that the appellant had been found to be a motor vehicle habitual offender by court order on September 4, 2003, and that the court order was still in effect on the date in question. The order itself was entered as an exhibit. The defense rested without offering any additional proof, and although the jury acquitted the appellant of DUI, he was convicted of driving while a motor vehicle habitual offender.

*Sufficiency of the Evidence*

Appellate courts evaluating the sufficiency of the convicting evidence must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Because a guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt, on appeal a defendant bears the burden of showing why the evidence is insufficient to support the conviction. *State v. Parker*, 350 S.W.3d 883, 903 (Tenn. 2011). This Court affords the State the strongest legitimate view of the evidence presented at trial and the reasonable and legitimate inferences that may be

drawn from the evidence. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). "The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact." *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn. 2008) (citing *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). This Court neither re-weighs the evidence nor substitutes its inferences for those drawn by the jury. *Bland*, 958 S.W.2d at 659.

Tenn. Code Ann. § 55-10-616(b) states that any person "found to be an habitual offender under this part who thereafter is convicted of operating a motor vehicle in this state while the judgment or order of the court prohibiting such operation is in effect commits a Class E felony." A stipulation was entered by the defense during trial that the habitual offender order was in effect during the period of time the appellant was alleged to have been operating the motor vehicle. Roy Hall testified that he observed the appellant enter his wife's motor vehicle, drive it to a Shell station, wait for a time without exiting and then proceed to a driveway on Cedar River Road where he stepped out of the car. During this time no one else entered or exited the car and he never lost sight of it. Officer Lawrence observed the appellant pulling the vehicle into the driveway in an area well lit by streetlights, and watched as the appellant exited the vehicle on the driver's side, finding the keys to the vehicle in the appellant's pocket. Officer Swift traced the hotel key back to a hotel room containing Mr. Hall's wife, the owner of the car, who had given the appellant permission to drive it. In our view, this evidence was clearly sufficient to support the conviction for driving while a motor vehicle habitual offender.

*Sentencing hearing*

At the sentencing hearing, a corrected presentence report was entered as the only additional evidence, and all parties agreed that the appellant should be sentenced as a Range III Persistent Offender, with a sentencing range between 4 and 6 years. In asking for the maximum sentence of six years, the State argued, as shown by the presentence report, that this conviction was the appellant's third conviction for driving while a motor vehicle habitual offender, and that he had in fact been on probation for a four-year sentence for driving while a motor vehicle habitual offender when he committed the instant offense. The appellant, although agreeing that an alternative sentence would not be appropriate, requested a mid-range sentence of four and one half years. The trial judge found several enhancement factors. He found that the appellant had numerous criminal convictions in addition to those needed to establish his Range III status, and "has a very extensive past criminal record." He also found that he had failed to comply with the terms of release into the community, including four revocations for habitual motor vehicle offender sentences, three revocations for three separate domestic violence convictions and two revocations on a sentence for conspiracy to sell cocaine, stating that there were "a mind blowing number of revocations in here," finding that factor "present in a very substantial way." He also found that the appellant was on probation when the offense was committed. Applying no mitigating factors, he enhanced the appellant's sentence to six years. He also found that "this is an appropriate case for consecutive

sentencing," and ordered that the six years be served consecutively with the appellant's violation of probation. The trial judge stated that the appellant "has been revoked and been revoked and been revoked and been revoked again, so many times. He's obviously an extremely high risk to reoffend, unless he's incarcerated, specifically, motor vehicle habitual offender twice before."

In its recent holding in *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012), our Supreme Court held that when the 2005 amendments vested trial courts with broad discretionary authority in the imposition of sentences, *de novo* appellate review and the "presumption of correctness" ceased to be relevant. Instead, sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a "presumption of reasonableness." All of the trial judge's findings were fully supported by the record, and this court finds no abuse of discretion in sentencing the appellant to the maximum sentence in the Department of Correction and ordering that it be served consecutively to his violation of probation.

CONCLUSION

Because the evidence was sufficient to support the appellant's conviction and the sentence was supported by the record, the judgment of the trial court is affirmed.


_____
CHRISTOPHER CRAFT, SPECIAL JUDGE