IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 17, 2017

## STATE OF TENNESSEE v. TIMOTHY WARE

**Appeal from the Criminal Court for Shelby County**
**No. 16-00491      John Wheeler Campbell, Judge**

———————————————————

### No. W2016-02082-CCA-R3-CD

———————————————————

Defendant, Timothy Ware, was indicted by the Shelby County Grand Jury for one count of aggravated sexual battery. Following a jury trial, Defendant was convicted as charged and sentenced to 16 years' confinement. On appeal, Defendant contends that the evidence was not sufficient to sustain his conviction. Having reviewed the record and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Stephen C. Bush, District Public Defender; and Tony N. Brayton, Assistant Public Defender, Memphis, Tennessee, for the appellant, Timothy Ware.

Herbert H. Slatery III, Attorney General and Reporter; Breanne N. Hataway, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Rainey, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Facts*

We will identify the minor victim in this case by her initials, A.A. In January 2015, A.A. lived with her mother Yalonda Durrett and her grandmother in a house in Memphis. They shared the house with their roommates, Defendant and his girlfriend, Vicky. Ms. Durrett had known Defendant for 11 or 12 years, and Defendant had lived with Ms. Durrett and her family for two-and-a-half years.

In January, 2015, A.A. was ten years old. She testified about an occasion when she fell asleep on a couch in the living room while watching a movie. Defendant was the only other person in the room with her. A.A. testified that she woke up and felt Defendant touching her under her dress. She testified that Defendant was rubbing her "wrong spot" with his fingers, on top of her underwear. A.A. identified the genital area, on a female diagram, as the place Defendant touched her. When A.A. woke up, Defendant "started playing with his phone like he didn't do anything." A.A. went to her mother's room and asked to sleep with her. She told her mother two days later what Defendant had done.

A.A.'s mother, Ms. Durrett, testified that her daughter told her about the incident on January 22, 2015. She testified that A.A. was crying and she appeared "[v]ery scared, very nervous, worried." Ms. Durrett testified that A.A. typed a message on her phone because she did not want to say it aloud. Ms. Durrett "told [A.A.] to put on her shoes[,] and [they] left the house immediately." They went to her friend's house and called the police. The police spoke to Ms. Durrett and A.A. at Ms. Durrett's friend's house. Ms. Durrett testified that A.A. did not have a medical exam following the incident. On cross-examination, Ms. Durrett testified Defendant had been a friend of the family and that she had never had problems with him before the incident.

Stacey Hughes, a detective in the Sex Crimes Unit of the Memphis Police Department, testified that a medical examination was not performed on A.A. because two days had elapsed between the incident and when it was reported. She explained that the victim had "changed clothes and had a bath, [and] there would be no DNA to be recovered."

Teresa Onry, of the Memphis Child Advocacy Center, conducted a forensic interview of the victim on February 2, 2015. A video recording of the interview was admitted as an exhibit at trial and played for the jury. In the interview, A.A. stated that she fell asleep on the couch, and she felt Defendant "touch her wrong spot" with his finger. Defendant reached over from the other couch where he was sitting to touch her. She stated that when she woke up, Defendant "acted like he wasn't doing anything, just playing on his phone." A.A. went to her mother's bedroom and asked to sleep with her, and her mother told her to sleep in her own bed. A.A. stated that the incident happened in January. A.A. stated that she did not know if Defendant had ever touched her inappropriately before the incident.

*Analysis*

In determining the sufficiency of the evidence, the standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier

- 2 -

of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007). The State is "afforded the strongest legitimate view of the evidence and all reasonable inferences" from that evidence. *Vasques*, 221 S.W.3d at 521. "A crime may be established by direct evidence, circumstantial evidence, or a combination of the two." *State v. Hall*, 976 S.W.2d 121, 140 (Tenn. 1998); *see also State v. Sutton*, 166 S.W.3d 686, 691 (Tenn. 2005). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn.2008) (citing *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury. *Dorantes*, 331 S.W.3d at 379 (citing *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006)). When considering the sufficiency of the evidence, this court shall not reweigh the evidence or substitute its inferences for those drawn by the trier of fact. *Id*.

Aggravated sexual battery is defined, in relevant part, as "unlawful sexual contact with a victim by the defendant or the defendant by a victim . . . [when] [t]he victim is less than thirteen (13) years of age." T.C.A. § 39-13-504(a)(4). Sexual contact, in relevant part, is "the intentional touching of the victim's . . . [or] the defendant's . . . intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's . . . intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification[.]" *Id*. § 39-13-501(6) (2010) (amended 2013). Intimate parts are "the primary genital area, groin, inner thigh, buttock or breast of a human being[.]" *Id*. at (2).

Defendant does not challenge the proof to support any specific element of the offense, but rather he argues that the evidence is insufficient to sustain his conviction because the State did not provide independent evidence to corroborate the victim's testimony. However, the law does not require that a minor victim's testimony be corroborated to support a conviction. *State v. Smith*, 42 S.W.3d 101, 106 (Tenn. Crim. App. 2000) (stating that a twelve-year-old victim's testimony regarding incidents of aggravated sexual battery need not be corroborated); *see also State v. Russell Victor McCollum*, No. M2012-00941-CCA-R3-CD, 2014 WL 1102012, at *6 (Tenn. Crim. App. Mar. 20, 2014).

The evidence presented by the State at trial showed that A.A. was ten years old at the time of the incident. She testified that Defendant reached under her dress and touched her "wrong spot," which she identified as her vagina, over her underwear. Defendant seemingly challenges the victim's credibility, pointing that Defendant had to reach over an end table that was between the two couches in order to touch the victim. Defendant also notes that the victim's mother and grandmother were present in the house at the time of the incident; that the family had known Defendant for several years and had never experienced any problems with him; and that the victim did not report the incident for two days. We reiterate that it was the jury's prerogative, as the trier of fact, to evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. *See Campbell*, 245 S.W.3d at 335 (citing *Byrge*, 575 S.W.2d at 295). The jury in this case accredited the victim's testimony and resolved all inconsistencies in the evidence in favor of the State. We conclude the proof was sufficient to sustain Defendant's conviction. Defendant is not entitled to relief.

CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE